JOSEPH MARTIN, executor, *vs.* BENJAMIN F. MARTIN & others.

Essex. November 3, 1881. MORTON & ALLEN, JJ., absent.

A devise to J. S. "in consideration" of the testator being taken good care of and well treated by J. S. for the remainder of the testator's life, is not a devise on condition; and failure of the consideration will not defeat or avoid the will.

APPEAL by the heirs at law of John Martin from a decree of the Probate Court, allowing his will, which appointed Joseph Martin the executor, and contained the following clause:

"In consideration of being taken good care of and being well treated during the remainder of my life by my nephew Joseph Martin and his wife, I give, bequeath and devise unto Mary B. Martin, wife of said Joseph Martin, all the estate, both real and personal, of which I shall die possessed, to have and to hold the same to said Mary B. Martin and to her heirs and assigns forever."

The reasons of appeal assigned were, that the will was on condition that the testator should be taken good care of and well treated during the remainder of his life by Joseph Martin and

Mary B. Martin, his wife; that they did not perform the condition, but from the time of the making of the will up to the death of the testator they treated him with harshness and cruelty; that they greatly neglected him, and deprived him, among other things, of necessary and proper food and nourishment, and of proper care and medical attendance during his sickness; and that they knew of the provisions of the will, at the time it was executed, and of the condition attached to the provisions therein.

The appellee filed a demurrer to the reasons of appeal, on the ground that they were not sufficient in law to sustain the appeal, or to avoid and defeat the will.·

At the hearing in this court, the decree of the Probate Court was affirmed; and the appellants appealed to the full court.

*C. W. Richardson*, for the appellants, cited *Damon* v. *Damon*, 8 Allen, 192; *Ex parte Lindsay*, 2 Bradf. 204; *Todd's will*, 2 Watts & Serg. 145; *Parsons* v. *Lanoe*, 1 Ves. Sen. 189; *Sinclair* v. *Hone*, 6 Ves. 607.

*W. D. Northend*, for the appellee, was not called upon.

GRAY, C. J. This case requires no particular consideration of the question under what circumstances the happening of a condition or contingency, upon which a will declares that it shall take effect, may be a subject of inquiry on the offer of the will for probate; because, in the will before us, the maintenance of the testator for the rest of his life is clearly not intended to be a condition or contingency upon which the validity of the will shall depend, but is mentioned only as the consideration or motive inducing him to make it; and failure of the consideration could not defeat or avoid the will, without a cancelling or revocation by the testator. *Damon* v. *Damon*, 8 Allen, 192. *Colwell* v. *Alger*, 5 Gray, 67. *Decree affirmed.*