(No. 20070.

NATHAN WEAVER *et al.* Appellants, *vs.* FERD ASHCRAFT *et al.*, Appellees.

*Opinion filed April 17, 1930.*

P. S. DUFFIN, (CHARLES W. FLEMING, of counsel,) for appellants.

CHARLES TROUP, for appellees.

Mr. Justice Samuell delivered the opinion of the court:

This is a bill in chancery for partition and for construction of the will of Ira Weaver, who died on May 16, 1929, seized of the real estate in question. The will of Weaver was as follows:

"I, Ira Weaver, of R. R. No. 3, Danville, Vermilion county, Illinois, being of sound mind and memory, do make, publish and declare the following to be my last will and testament.

"*First*—It is my will and desire that all my just debts, including my funeral expenses, be fully paid.

"*Second*—I hereby direct my executor or executrix hereinafter named to erect a suitable monument at my grave; the funeral expenses and the tomb stone to cost one thousand dollars ($1000).

"*Third*—I will and devise and bequeath to my cousin Minnie Hilderbrand and my cousin Jennie Hilderbrand, the sum of five hundred dollars ($500) each, and in case of the death of either at the time of my death, the survivor to get one thousand ($1000) dollars, and if they are both dead, then Allie Ashcraft is to receive the one thousand dollars ($1000).

"*Fourth*—I hereby give, devise and bequeath to Allie Ashcraft, of R. R. No. 2, Danville, Illinois, wife of Ferd Ashcraft, all the rest of my property of every kind and description, real, personal and mixed, which includes the money in banks, building and loan shares and the land where I now live, and any other property that I may own at the time of my death. This last bequest to Allie Ashcraft given on condition that she look after me and properly take care of me during my sickness and death. I purposely omit my relatives, including my brother Nathan Weaver and my sister Rebecca Weaver and the children of Isaac Weaver, I purposely omit and give to them nothing for the reason that they have never done anything for me and care nothing for me and are not entitled to any part of my estate.

"*Fifth*—I hereby nominate and appoint the said Allie Ashcraft to be my sole executrix of this my last will and testament, hereby revoking all former wills by me made and she is to serve without bond.

"In witness whereof, I have hereunto set my hand and seal this 7th day of December, A. D. 1928.          Ira Weaver. (Seal)"

The bill of complaint filed by appellants against appellees alleged that Ira Weaver left no widow and no descendants surviving him and that appellants were his only heirs-

at-law; that the will was admitted to probate by the probate court of Vermilion county and Allie Ashcraft was appointed executrix; that Weaver had no sickness but died very suddenly frcm angina pectoris; that the gift to Allie Ashcraft contained in the residuary clause of the will was upon condition precedent that she care for him in his sickness and death; that because Weaver had no sickness between the time of making the will and his death the condition was not performed and the real estate described in the bill descended to appellants as intestate property. The bill prayed a construction of the will in accordance with the bill and for partition of the real estate in question. Appellees filed separate demurrers to the bill, which were sustained by the chancellor. The appellants having elected to stand by their bill, the same was dismissed for want of equity by the circuit court of Vermilion county, and this appeal followed.

It is contended by appellants that the gift to Allie Ashcraft contained in the residuary clause of the will was upon the express condition precedent that she care for the testator in his sickness and death, and that she failed to perform the condition because the testator had no sickness, and therefore the gift did not vest in her. This is the only question necessary for us to decide.

Courts are always reluctant to construe a condition to be precedent when to do so might defeat the vesting of estates under a will, and, although the words are in form of a condition precedent, the general intention of the testator as collected from the four corners of the instrument, showing a different purpose, will prevail. (*Cronin* v. *Cronin,* 314 Ill. 345; *Spangler* v. *Newman,* 239 id. 616.) The intention of the testator, if clearly disclosed by the will, must prevail even though some words must be rejected. (*Cronin* v. *Cronin, supra.*) An examination of the will of Weaver in the light of the rules laid down by these cases discloses two controlling motives of the testator. He not only had

a great affection for Allie Ashcraft, but it is equally apparent that he did not wish appellants to share in his estate in any event. In the third clause he made two specific bequests, but provided that if the legatees did not survive him the money should go to Allie Ashcraft. By the fourth or residuary clause he gave to her all of the residue of his estate after the payment of debts and the two specific bequests contained in the third clause, and added that he purposely omitted his relatives, including his brother, sister and the children of Isaac Weaver, for the reason that they had never done anything for him and were not entitled to any part of his estate. By the fifth clause he nominated and appointed Allie Ashcraft the sole executrix of his will and directed that she be not required to give bond. It is evident that he had a great affection for Allie Ashcraft and confidence in her ability and judgment. It is equally self-evident that the testator intended that appellants should not at any time share in his estate.

The testator is presumed to have known that if he was imposing a condition precedent to the vesting of the gift in Allie Ashcraft and she failed to perform the condition the estate would go to his relatives, yet he has shown by clear and unequivocal language that he does not want them to share in his estate in any event. The language which appellants contend created a condition precedent was only an expression of the testator's desire that Allie Ashcraft, rather than appellants, care for him in case he became sick, and was not intended as a condition to the vesting of the estate in Allie Ashcraft.

The demurrers were properly sustained, and the decree of the circuit court is therefore affirmed.

*Decree affirmed.*