(No. 30502.—

VERNON WHEELER, Appellant, *vs.* EFFIE PEARL WILLIAMS *et al.*, Appellees.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

WILLIAM G. PEACOCK, of Morris, and JOHN H. ARM-STRONG, of Ottawa, for appellant.

ROOT & HOFFMAN, of Morris, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Vernon Wheeler, appellant, filed his complaint in the circuit court of Grundy County against Effie Pearl Williams, and her three sons, for partition of certain residence property in the village of Mazon, in said county, claiming that he was a tenant in common with said defendants. His claim for partition is based upon the will of his mother, Jennie M. Wheeler, and the breach of alleged conditions said to be contained in the will. The answer denies that the said parties were tenants in common, and alleges plaintiff is not entitled to relief. The sole question involved is the construction of the will of the mother, Jennie M. Wheeler. The circuit court sustained the position of appellees and dismissed the complaint for want of equity. The appeal comes directly to this court because a freehold is involved.

The facts are substantially as follows: Jennie M. Wheeler and George E. Wheeler were husband and wife, Jennie M. Wheeler owned the property in question, a house and four lots in Mazon, referred to as the home place. George E. Wheeler owned two farms, one of them containing 120 acres, and the other containing 200 acres, the latter known as the Wheeler farm or Wheeler homestead. In 1930 the mother made a will, which contained the following paragraph:

"After his decease, [George E. Wheeler], I will my home to my Daughter, Effie Pearl Wheeler Williams and her three Sons, in consideration, that she will have the smaller farm, owned by her father, and myself, and her brother Vernon Wheeler shall have the Wheeler Homestead, with the forty acres adjoining it, when we are done with them. Otherwise my home may be sold and divided equally between my two Children, Effie Pearl and Vernon."

Jennie M. Wheeler died December 19, 1930, and her will, containing this paragraph, was admitted to probate. On March 6, 1939, there was a meeting between George E. Wheeler and his children in his home, called for the purpose of adjusting their affairs, and at this meeting George E. Wheeler, in the presence of his son, Vernon, and his daughter, Effie Pearl, dictated what was intended to be his will, which was written out on a printed form for a last will. It was executed in the presence of two witnesses. In this will there was a provision giving to Effie Pearl the 120-acre farm, and to Vernon the Wheeler homestead. It seems that later some trouble arose between George E. Wheeler and his son because of the failure of the latter to pay rent upon the Wheeler homestead, which he had occupied for many years. On March 11, 1939, George E. Wheeler delivered a deed to Effie Pearl Williams for the 120-acre farm, and made a new will, devising the Wheeler farm to the children of Vernon Wheeler. He recites in his will that his son had occupied the Wheeler farm for twenty-eight years without paying any rent, and directed that his indebtedness for such rent be canceled in lieu of any other gift or devise, giving the property to the children of Vernon. George E. Wheeler died May 9, 1942.

Under this state of facts it is contended there was the breach of a condition or contract, appearing in the will of the mother, the result of which placed the title of the mother's property in Effie Pearl Williams and Vernon Wheeler as cotenants. The whole controversy depends

upon the construction given to this paragraph in the will of Jennie M. Wheeler. When this paragraph is examined it will be found that there is a direct devise to Effie Pearl Wheeler Williams and her sons, in the following language: "after his decease, I will my home to my Daughter, Effie Pearl Wheeler Williams and her three sons." This is followed by the words "in consideration, that she will have the smaller farm, owned by her father, and myself, and her brother Vernon Wheeler shall have the Wheeler homestead." There is no devise over to another.

It is contended that the words "in consideration" create a condition either precedent or subsequent. The circuit court in its opinion found that this language used in the will was explanatory, or in justification for devising the home to the daughter. In examining the will we find nothing that would indicate the words "in consideration" were a part of a contract with anyone. In the first place, the property spoken of belonged to the husband, George E. Wheeler, and not to Jennie M. Wheeler. There is no obligation placed upon the beneficiary, Effie Pearl Williams, and there is no suggestion that the provision contained in the will, and certainly no proof that the will, is based upon a contract with either of the children, or with the husband.

It is contended rather strongly that the words "in consideration" were in the nature of a condition. The language in the will is not in the form usual to constitute a condition, as the ordinary words that import a condition are "on condition," "so that," "provided," and the like. (*Newton* v. *Village of Glenn Ellyn,* 374 Ill. 50.) These words were undoubtedly used in another sense. The dictionary contains many definitions of the word "consideration," among which are "consequences," "a circumstance to be taken into account," and other similar meanings. If the words "in consequence" were used as the synonym of "in consideration" the apparent intention of the testatrix would be very plain, in that, "I will my home to my

daughter, Effie Pearl Wheeler Williams and her three sons, in consequence of the fact that she will have the smaller farm, and her brother, Vernon, have the larger farm." And so, also, the provision that if it was disposed of otherwise, that is to say, if the father died intestate, or the land was divided equally, there would be no occasion for a devise of the home place to the daughter.

It seems to us that the apparent intention of this will was to see that the daughter received an equal share of the property owned by the father and mother. Without any actual proof, it seems the mother had some understanding as to the division of the farm property, but when it came to a disposition of the property of the mother, her intention was to protect the daughter, Effie Pearl, because she, in effect, says that since there has been an arrangement that she shall have the smaller farm, and the brother the larger farm, she should have the home to equalize the devises, otherwise there would be no occasion for it.

There is not a word in the will which creates a condition by which Vernon is benefited, but rather the whole purpose seems to have been to see that Effie Pearl Williams, with the addition of this gift, obtains an equal share of the property owned by both of them. The surrounding facts disclose this to have been the intention, not only of the mother and father, but of the children. The facts show that on March 6, 1939, at a family council, the provision was made to dispose of the property of the father by will exactly along this line, but that later, owing to some disagreement between the father and son, the father conveyed to the daughter the 120 acres, and changed his will because of a dispute or disagreement between the father and the son. The fact still remains, however, that the daughter received what the mother supposed she would receive, which was the justification for giving the entire home to her.

Conditions subsequent defeating estates are not favored, and courts will not construe either a condition precedent or subsequent so as to defeat the vesting of an estate under a will, contrary to a general intention of the testator, as may be collected from the instrument itself. (*Weaver* v. *Ashcraft*, 339 Ill. 197; *Cronin* v. *Cronin*, 314 Ill. 345.) The intention of the testator must be carried out, even though some words must be rejected or changed. (*Weaver* v. *Ashcraft*, 339 Ill. 197; *Henry* v. *Metz*, 382 Ill. 297.) It is clear from every provision of the will that the intention of Jennie M. Wheeler was that if the daughter, Effie Pearl, received from her father's estate only the 120 acres she was to have the home place.

The facts disclose that is what she received, and since the devise was made to the daughter for the equalization of legacies or gifts to both children, her title should not be disturbed, even though it was possible to construe the words "in consideration" as a condition. We do not think these words constitute a condition. We believe their use is explanatory of the mother's reason for devising the entire home place to one heir in preference to both.

There is another circumstance also which bears strongly upon the position of appellant, and that is, if the performance of a condition subsequent is prevented by the acts of those who are benefited, they cannot be made the basis of a forfeiture. (*Caruthers* v. *Fisk University*, 394 Ill. 151; *Peek* v. *Woman's Home Missionary Society*, 304 Ill. 427; *City of Chicago* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 73.) It appears in this case that in the first instance the father was inclined to make a will giving the son, Vernon, the Wheeler farm, or Wheeler homestead, but that trouble occurred between them because of the non-payment of rent for twenty-eight years by the son, resulting in the premises being turned over to one of the children of Vernon for farming purposes, and Vernon receiving

a bequest of the unpaid rent. We believe that the facts and circumstances in this case disclose that the appellant would have received everything exactly as the father and mother apparently had agreed, except for his own action. His misconduct cannot be charged to the appellees.

The facts in this case disclose no equity upon the part of the appellant. The claim that there is a breach of a condition contained in the will of the mother is not established, and the overall intention disclosed by the language of the will of the mother shows that the principal purpose of the language used in the will was to insure the daughter a fair division of their joint property. We think the language of the chancellor is appropriate when he found that to construe conditions into Mrs. Wheeler's will would be "putting in the mouth of the testatrix what she never intended to utter."

We are satisfied that the decree of the circuit court of Grundy County is correct, and it is accordingly affirmed.

*Decree affirmed.*