## Cooper et al. v. Diamond et al.

*Lionel B. Gumnit,* for plaintiffs.

*Harry D. Gottlieb, Isidore Baylson* and *Harry E. Skaroff,* for defendants.

LEVINTHAL, J., January 28, 1954.—This is a petition for a declaratory judgment. Filed on behalf of some of the grandchildren of Lena Milikovsky, who died testate on August 18, 1932, the petition seeks a decree declaring that respondents, daughter and son of decedent, have forfeited the life estates in premises 2915 North Franklin Street, Philadelphia, devised to them under the will of their mother. An accounting

of all income received by these respondents from the rental of the premises since 1934 is also prayed for.

The will of decedent contained this provision:

"Fourth. Property 2915 North Franklin Street, Philadelphia, I give and devise to my son Benny Milikovsky and my daughter, Sophie Diamond, for life, to be used by them as a home and is not to be rented or sold. Upon the death of Benny Milikovsky and Sophie Diamond, the property is to be sold and divided equally among all my grandchildren."

The petition alleges that both respondents left the premises in 1934, and have leased them to others. It is claimed that they have consequently forfeited their life estates, and that they should account for all rents received. Respondents contend that the will does not preclude their living elsewhere than in the property devised to them for life and that they may rent the premises for their own benefit and account, anything contained in the will to the contrary notwithstanding.

It is well established that although the orphans' court is authorized, by virtue of the Orphans' Court Act of August 10, 1951, P. L. 1163, sec. 302, 20 PS §2080, to issue a declaratory judgment in a case such as this, the court of common pleas has authority to do so also where, as here, the right to possession of real estate is in issue: Kariher's Petition (No. 1), 284 Pa. 455 (1925); Petition of Nugents Lancaster, Inc., 29 Erie 206 (1947).

It is to be noted that the will does not expressly provide that the life estate is to be forfeited or terminated in the event that the life tenants should fail to use the premises "as a home" for themselves and should rent them to others. On the contrary, the will directs that only "upon the death of Benny Milikovsky and Sophie Diamond" shall the property pass to the grandchildren of decedent, and there is no penalty mentioned for the failure to fulfill the desire of testatrix that

the property should be used as a home by the life tenants and should not be rented by them.

"It is a well-settled rule that conditions tending to destroy estates, such as conditions subsequent, are not favored in law. They are strictly construed, accordingly, no provision will be interpreted to create such a condition if the language will bear any other reasonable interpretation, or unless the language, used unequivocally, indicates an intention upon the part of the grantor devisor to that effect and plainly admits of such construction . . ."; 19 Am. Jur., §65, Estates. Thus, in Drace et al. v. Klinedinst, 275 Pa. 266, 268 (1922), it was held that "where there is no limitation over or reverter mentioned, leaving succession to doubtful claimants, . . . the grant or devise is absolute. Especially is this true where the land is devised to, and held by, lineal descendants, whose right, under the will will be defeated by a contrary construction. . . . Conceding the words sufficient to create the condition, there is no penalty mentioned for its violation, as, for instance, that the title should revert to the original devisor, or should go to others named. . . . There is no reverter or limitation over, nor declaration of forfeiture, when the breach occurs." See also Eberle v. Wood et al., 304 Pa. 403 (1931).

It is well established that for an estate to be subject to an automatic expiration, words of "special limitation" must be used to mark the period of time for which the estate is granted, as, for example, "during", "while", "so long as", "until", or words of similar import: A. L. I. Restatement of the Law of Property, §§23 and 112. No such language is to be found in the fourth paragraph of the will creating the concurrent life estates held by respondents.

It is our opinion that the words "to be used by them as a home" are merely explanatory of the purpose or motive of the devise. These words, coupled with the

admonition against rental or sale, are simply precatory in nature and not legally binding upon respondents.

In Beck's Appeal 46 Pa. 527 (1864), an annuity was given to the widow of testator "for house-rent". It was contended that, since she did not keep house, she was not entitled to the annuity. The court, in rejecting this contention, said:

". . . in cases where words are added, expressing a purpose for which the gift is made, and. where the purpose of the gift is the benefit solely of the donee himself, he can claim the gift without applying it to the purpose, and that it is conceived whether the purpose be in terms obligatory or not. Thus if a sum of money be bequeathed, to purchase for any person a ring, or an annuity, or a house, or to set him up in business, or for his maintenance and education, or to bind him apprentice, or towards the printing of a book, the profits of which are to be for his benefit, the legatee may claim the money without applying it, or binding himself to apply it to the specified purpose, and this even in spite of an express declaration by the testator, that he shall not be permitted to receive the money."

We are satisfied that the words "to be used as a home not to be rented or sold" do not constitute a condition subsequent or a special limitation, and that the fourth paragraph of the will should be construed as if those words were not contained therein.

## Decree

And now, to wit, January 28, 1954, upon consideration of the petition for declaratory judgment, and the briefs of argument, it is hereby ordered, adjudged and decreed as follows:

1. That the prayer of petitioners for a declaration that Sophie Diamond and Benny Milikovsky, also known as Benjamin Mills, have no property rights

in premises 2915 North Franklin Street, Philadelphia, and for an accounting for all income derived therefrom, is refused.

2. That in the will of Lena Milikovsky, deceased, recorded in the Office of the Register of Wills of Philadelphia County in will book no. 571, page 451, the words "to be used by them as a home and is not to be rented or sold", in the fourth paragraph thereof, are hereby declared to be of no legal effect, and the fourth paragraph is construed as if it did not contain the aforementioned words.