## Sommerville Estate.

Argued November 19, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles M. Solomon,* with him *Franklin A. Wurman,* and *Fox, Rothschild, O'Brien and Frankel,* for appellant.

*Paul Maloney,* for appellees.

OPINION BY MR. JUSTICE JONES, April 20, 1965:

Margaret Sommerville (testatrix), a Philadelphia resident, died on August 28, 1958. On September 3, 1958, her lawyer-drawn will was probated. Thereafter, Margaret Russell, the only child of testatrix, appealed the probate of the will. The will contest which developed eventually reached this Court and we upheld the validity of the will: *Sommerville Will,* 406 Pa. 207, 177 A. 2d 496.

The pertinent portions of the will are: "ITEM. I give and bequeath to my daughter, Margaret Russell, the sum of Two Thousand ($2,000) Dollars. In the event that my said daughter in any manner contests this my last Will, then the said bequest to her is hereby revoked, and the sum so given to her shall fall into and become a part of my residuary estate, as hereinafter disposed.

"ITEM. I give and bequeath to my grandson, James, the son of my daughter, Margaret Russell, the sum of One Thousand ($1,000) Dollars.

"ITEM. All the rest, residue and remainder of my estate, real, personal or mixed, I give, devise and bequeath to Mrs. Martha Elizabeth Guy, of Aldan, Delaware County, Pennsylvania, *in consideration of her undertaking to offer me the protection and comfort of her home and to arrange for the necessary funeral ceremonies after my decease.*

"ITEM. I nominate, constitute and appoint Robert F. Lehman of the firm of Fell and Spalding, to be the executor of this my Will. In the event he is still in the armed forces of the United States or for other reason cannot serve as such, then, I appoint Peter Hagan, Esq. of said firm of Fell & Spalding in his place and stead." (Emphasis supplied)

Thereafter, the executor filed his account, an audit was held and an adjudication filed. The executor proposed to the Orphans' Court of Philadelphia County that the bequest of $1000 be paid to testatrix' grandson under the second Item of the will, that the in terrorem clause under the first Item of the will be enforced and that the bequest to testatrix' daughter, who had contested the will, be revoked and the balance of the estate[1] be paid to the estate of Martha E. Guy, the residuary legatee named in the third Item of the will.[2] After several hearings and rehearings, the court refused to invoke the in terrorem provisions of the first Item of the will, awarded the $2000 bequest to testatrix' daughter, the $1000 bequest to testatrix' grandson and the balance of the estate to the estate of Martha E. Guy, deceased. After a re-audit, a rehearing, and various arguments, the court held that the third Item of the will provided for an unconditional and absolute gift of the residue to Martha E. Guy and awarded the

---

[1] According to the brief for Appellant, this balance approximated $50,000.

[2] Martha E. Guy died on January 16, 1962, the day before the decision of this Court upholding the will was handed down.

balance to her estate and the court en banc upheld the auditing judge, with one judge dissenting. From that decree the present appeal was taken.

On this appeal several issues are presented: (1) was the gift of the residue of this estate to Martha E. Guy conditioned upon the performance by Martha E. Guy of certain undertakings? (2) if said gift was conditional, was there any evidence of record to show compliance with the conditions of the gift?[3]

After a careful study of the language of this will, we conclude, as did the majority of the court below, that the residuary gift to Martha E. Guy was not a conditional gift. We agree thoroughly with and adopt as part of this opinion, the following excerpts from the opinion of Judge BURKE in the court below: "Adverting . . . to the word 'consideration', the exceptant would restrict its meaning to its technical definition as used in contract law, which would imply a quid pro quo for the gift. This view she supports by the fact that the will was 'lawyer-drawn'. In construing a will the language should be read in the *ordinary* and grammatical sense of the words employed. The presumption is that expressions are used in their *ordinary* and normal signification, unless there is some clear indication to the contrary: Lenhart's Est., 344 Pa. 358 (1942).

"Is it not more reasonable to believe that testatrix used the expression 'in consideration of' in its ordinary sense to denote her motive for the gift, and that she intended the phrase be given its plain meaning? Certainly there is no compelling reason to give the phrase a technical meaning.

"According to Webster's New International Dictionary (2d Ed.) Unabridged, 'consideration' connotes several meanings, among which is '4. That which is or

---

[3] The court below found that the gift was absolute and unconditional and, therefore, did not *expressly* rule on the second issue.

should be, considered as a ground of opinion or action; motive; reason; as, weighing several considerations; also, a taking into account, esp. as a reason or motive.' We are interpreting a will, and not a contract, and the phrase 'in consideration of' has no legal or technical meaning in the law of decedent's estates."

. . .

"The language of the will clearly expresses why the testatrix gave the residue of her estate to Mrs. Guy. It is a lucid expression of her gratitude for Mrs. Guy's kindness in *offering* testatrix the protection and comfort of her home and *offering* to arrange the necessary funeral ceremonies and no more. Since she was favoring Mrs. Guy over the exceptant, it was quite appropriate for testatrix to state her reason.

"Motives which prompt testators to bestow gifts are as varied as the gifts bestowed, and are frequently found in wills. In Page on Wills, Bow-Parker, Vol. 5, §44.6 we find: 'The devise may refer to a service to be rendered, and yet not be conditioned upon the rendition of such service. A recital in a will that the legacy given is *in consideration of* the legatee's attention to testator or testatrix, and spouse, or *in consideration of* being taken care of and well treated by devisee during remainder of testator's life, or in token of faithful services, or an expression of gratitude toward a legatee for his services to be rendered as executor, or *in consideration of* the services to be rendered in the probate of the testator's will *was held to be an expression of the motive of testator in making the gift, and not a condition upon which he made it.* [emphasis supplied]'

"The phrase 'in consideration of' as used by testatrix is further removed from any connotation of condition than the above mentioned testamentary recitals which were held to be *unconditional.* See Cooper v. Diamond, 1 Pa. D. & C. 2d 593, affirmed Cooper v. Milikovsky, 382 Pa. 30.

"The exceptant contends that the absence of a gift over is indicative of a conditional gift. On the contrary, the converse is true. Brumbach Est., 373 Pa. 302 (1953).

"An absolute estate will not be cut down by subsequent language unless the testator has expressed a clear and unambiguous intention to do so. Harris Estate, 351 Pa. 368 (1945); Burpee Estate, 367 Pa. 329 (1951).

"We may not reform a will under the guise of construction in order to reach a supposed contrary intent to support a legal conclusion. 'It becomes no man and no court to be wise above that which is written.' Doebler's Ap., 64 Pa. 9 (1870). Words may not be read into a will unless it is certain beyond a reasonable doubt that the testator has not expressed himself as he intended and supposed he had done. McConnell's Est., 266 Pa. 294 (1920). Interpretation is never to assume the proportions of reformation.

"Certainly testatrix's attorney knew that the absence of a gift over would indicate a vested legacy, especially if an intestacy were to result. Where an intestacy would result were the gift held to be contingent, it is a consequence which the law always seeks to avert. McCauley's Est., 257 Pa. 377 (1917). Is it likely that testatrix intended that her estate should pass to the same person to whom she bequeathed but a $2000.00 legacy in terrorem?

"Where a testator recites that it is his intention to dispose of all his estate, a construction should be adopted that would avoid an intestacy, unless it does violence to the language of the will. Grier Estate, 403 Pa. 517 (1961). Whatever conjecture might be indulged in as to the provision testatrix might have made upon failure of the supposed condition, had she desired to provide for it, it is not within the province of the court to insert into her will a substantive disposition which

she herself, whether by design or inadvertence, failed to make: See Verner Est., 358 Pa. 280 (1948)."

In addition thereto, we might add that this same will clearly indicates that, when a condition was attached to a bequest or otherwise, such condition was clearly expressed. In the first Item of this will the gift of $2000 to testatrix' daughter was clearly conditioned: "In the event that" the daughter contested the will the gift was revoked. In the last paragraph of the will the appointment of Robert F. Lehman as executor was clearly conditioned: "In the event [Lehman] is still in the [armed services] or for other reason cannot serve as such", then another person was to act in his stead. If it were the intent of testatrix that the gift to Martha E. Guy was to be conditional, is it not likely that the scrivener would have employed language similar to that employed in other portions of the will to effectuate and express such intent?

It is our opinion that the residuary gift to Martha E. Guy was not *conditioned* upon her "undertaking to offer [testatrix] the protection and comfort of her home and to arrange for the necessary funeral ceremonies after [testatrix'] decease." On the contrary, the language employed simply explained the motive or the reason which induced the testatrix to make this residuary gift.[4]

In view of the conclusion reached, it is unnecessary to determine any of the other matters argued, orally or in writing, on this appeal.

Decree affirmed. Each party to pay own costs.

---

[4] Cf. *Paschall v. Passmore*, 15 Pa. 295, 308; *McNeal v. Pierce*, 73 Ohio St. 7, 75 N.E. 938; *Martin v. Martin*, 131 Mass. 547, 548; *Wheeler v. Williams*, 400 Ill. 438, 81 N.E. 2d 175.