**Kinn v. First National Bank of Danville**

8

*John E. Person, III,* of *McCormick, Lynn, Reeder, Nichols and Sarno,* for plaintiff.

*F. Porter Wagner,* of *Marks and Wagner,* for defendants.

MYERS, *P.J.,* February 22, 1978—Plaintiff was awarded a scholarship from a fund established under the terms of the will of Elizabeth Boone Vastine, deceased. The scholarship provided for tuition and incidental expenses at an institution of higher learning.

Plaintiff's scholarship was awarded to him by a committee designated in the will. These committee members, plus the trustee of the scholarship fund, are defendants in the instant action.

In September of 1975, plaintiff entered Lycoming College in Williamsport, Pennsylvania. He has continued to attend this institution up to the present time. In August of 1976, however, plaintiff's scholarship was terminated by the committee. Plaintiff requested on several occasions that the termination be reviewed, but his requests were denied.

Plaintiff then commenced the instant action in equity. Defendants filed an answer, thereby closing the pleadings. Plaintiff subsequently filed a motion for summary judgment with attached affidavits. Therefore, plaintiff's motion for summary judgment is the issue we must address at this point.

To warrant summary judgment, a party must show that it is entitled to judgment as a matter of law, and that there are no genuine issues as to any material facts. Summary judgment is to be

awarded only in the clearest of cases, where there is not the least doubt as to the absence of a triable issue of material fact. In our view, entry of a summary judgment in favor of plaintiff is appropriate in the instant case.

According to the will, a recipient of the scholarship was required to maintain a "passing average" in order to be entitled to renewal of the scholarship for the succeeding year. Plaintiff's scholarship was not renewed because the committee determined that he did not have a "passing average."

According to the answer filed by defendants, the committee considered a 2.0 grade point average—which is the equivalent of the letter grade of "C"—to be passing. Since plaintiff's grade point average for his first year at Lycoming was only 1.85, the committee decided that he was ineligible for renewal of the scholarship.

However, it is quite clear from the affidavit of James R. Jose, Dean of Lycoming College, that a passing average at Lycoming is 1.0, not 2.0. Dean Jose's affidavit clearly and affirmatively states that plaintiff was a full-time student and maintained a passing average for the school year 1975-1976.

Dean Jose's affidavit is supported by the official college transcript of plaintiff's grades. According to the transcript, plaintiff received no failing grades for the school year 1975-1976. All of his grades are "D" or better, and the transcript clearly indicates that "D" is a "passing" grade.

In their affidavit in opposition to plaintiff's motion for summary judgment, defendants point out that plaintiff was on "academic probation" during the 1976 fall semester, because he had an average below "C." However, being on academic probation is not the equivalent of possessing a failing average. The grade transcript clearly reveals the dis-

tinction. Plaintiff was obviously having some academic difficulties, but he was nonetheless still passing his courses.

Defendants point out, in addition, that the Lycoming College Bulletin states that a student must maintain a cumulative average of 2.0 in order to be eligible to graduate. However, the graduation requirements—which are set forth as exhibit B to defendants' affidavit—involve a totally different concept from that of "passing average."

To maintain a passing average, a student must have an average of 1.0 or better for each semester. To graduate, a student must have a cumulative overall average of 2.0 or better for all courses taken over the preceding four years. Hence, even if a student had an average of 1.0 for a number of semesters, he could still graduate so long as the cumulative average of *all* of his grades was 2.0 or better at the time set for graduation.

Graduation requirements, however, are irrelevant to this proceeding. The will does not mention graduation requirements; it states only that recipients must maintain a passing average.

In our view, plaintiff clearly maintained a passing average, under the grading system of Lycoming College. Hence, there is no genuine issue as to any material facts present in this case.

Defendants submit that they should be permitted to introduce testimony to show that the testatrix regarded a passing grade as a "C" or better. However, the words in the will must be given their ordinary and normal meaning, since there is no clear indication to the contrary: Sommerville Estate, 417 Pa. 600, 209 A. 2d 299 (1965).

Testatrix stated that a scholarship recipient must maintain a passing average in order to have the scholarship renewed. It is clear that testatrix

meant exactly what she said, i.e., a student must have a passing average and not a failing average.

Where there is no ambiguity or uncertainty in a will, technical rules of construction are unnecessary: Bigony Estate, 397 Pa. 102, 152 A. 2d 901 (1959). Further, the intention of a testator cannot be shown by parol evidence in the absence of a latent ambiguity in the will: Thomas Estate, 457 Pa. 546, 327 A. 2d 31 (1974).

In the instant case, there are no ambiguities in the will. Hence, the court need refer only to the document itself in making its determination as to testatrix's intention.

Testatrix intended that the scholarship be renewed if the recipient maintained a passing average. Plaintiff did in fact have a passing average according to the standards set by the institution in which he is matriculating. He therefore is entitled to have his scholarship renewed.

Under the circumstances, we are compelled to enter summary judgment in favor of plaintiff. In our view, there are no issues of material fact in this case, and plaintiff is clearly entitled to judgment as a matter of law.

### ORDER

And now, February 22, 1978, plaintiff's motion for summary judgment is hereby granted.

Exception noted.