*In re* ESTATE OF JAMES O. BURKE, Deceased (J. Donald Burke, Sr., Ex'r, Petitioner-Appellant, v. Estate of Wallace Burke *et al.*, Respondents-Appellees).

Second District   No. 2—89—1344

Opinion filed September 12, 1990.

Mary P. Gorman, of O'Brien, Healy, Wade & Gorman, of Rockford, for appellant.

Dennis R. Hewitt, of Rochelle, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Petitioner, J. Donald Burke, Sr., filed a petition as executor of the estate of James O. Burke seeking to sell certain real property of the estate. An objection to the sale of the real estate was made by certain heirs of the deceased claiming to have an interest in the property because of a specific devise to them in the will of the decedent. Because of a misdescription of the property in the specific devise contained in the fifth clause of the will, the executor argued that the specific bequest failed and the property should pass through the residuary clause of the will. After considering written and oral arguments of the litigants, the trial court entered an order construing the fifth clause of the will, which devised property located at 721 Seventh Avenue, in Rochelle, Ogle County, Illinois, as having actually devised property of the decedent at 721 Fifth Avenue, in Rochelle, Ogle County, Illinois. The court's order of November 29, 1989, further required the executor to convey by deed the decedent's interest in the property to the remaindermen and objecting heirs, Michael G. Burke and Wallace J. Burke, Jr., as tenants in common.

Only the executor appeals from this order, raising two issues: (1) whether the trial court erred in construing the specific devise of the property; and (2) whether the court erred in ordering the executor to convey the property where a number of issues remained to be determined including the final distribution of the assets of the estate and payment of the expenses of the estate. Finding that the judgment appealed from is not final and that the executor has no standing to bring the appeal in this cause, we dismiss the appeal.

James O. Burke died testate March 27, 1965, in Rochelle, Illinois. On May 24, 1965, the trial court entered an order admitting his will to probate and appointing decedent's sons, Wallace Burke and (J.) Donald Burke, as co-executors of the estate. Decedent's will bequeathed 50% of his assets to his surviving spouse, Allie V. Burke. Certain provisions were made for the use of some of the remainder of the estate to care for the surviving spouse during her lifetime. Wallace and Donald apparently managed the assets of their father's estate and cared for their mother, Allie. Allie and Wallace Burke both died in January 1986. The fifth clause of the will concerning the disposition of certain remaining real estate after the death of Allie provided in pertinent part:

> "My son Wallace Burke to have the life use, rents, issues and profits of the 'North Farm' together with the life use, renta [sic] issues and profits of house at 721 Seventh Avenue in the City of Rochelle, Ogle County, Illinois and the remainder shall be given to his children. My son, Donald Burke, to have the life use rents, issues and profits of the 'South Farm or Heath Farm' and the remainder shall be given to his children."

The surviving co-executor, Donald Burke, sought to wind up the affairs of the estate by filing an interim report of the executor, an amended inventory, and a petition to list and sell real estate. The inventory lists as assets of the estate only three items of real estate together with their legal descriptions but titled by their commonly known designations as: a rental dwelling at 721 Fifth Avenue, in Rochelle, Illinois; an undivided interest in the "South Farm," in Flagg Township, Ogle County, Illinois; and an undivided interest in the "North Farm," in Flagg Township, Ogle County, Illinois. The interim report indicates that the three real estate parcels appeared to be the only remaining assets of the estate. The petition averred that the parcel owned by decedent at 721 Fifth Avenue, in Rochelle, Illinois, should be sold to pay for the administrative expenses of the estate and that this parcel had not been specifically bequeathed to any party in the will. The interim report indicates that it was necessary to sell

this property to pay administrative expenses and that it was the intention of the executor to obtain a final distribution of the assets and close the estate.

At the initial hearing on the petition held on January 17, 1989, counsel for the estate of Wallace Burke and his children, Michael Burke and Wallace Burke, Jr. (objectors), appeared and objected to the sale of the real estate. Counsel for the objectors pointed out that the property in question was held by Allie and James O. Burke as tenants in common; therefore, counsel concluded, the Burke estate did not have title to the whole of the property. Counsel for the objectors claimed that half of the property was properly an asset of the Wallace Burke estate.

Subsequently, a second amended inventory and an amended petition to sell the real estate were filed in April 1989. These documents acknowledged that the James Burke estate claimed only a one-half interest in the property located at 721 Fifth Avenue, in Rochelle, Illinois, and the petition acknowledged that the two other parcels were subject to specific devises in the will of decedent, James Burke.

At a hearing on March 9, 1989, the objectors raised the issue whether the will should be construed so that the property at 721 Seventh Avenue, in Rochelle, Illinois, could be read to mean the devise of 721 Fifth Avenue, in Rochelle, Illinois. Written letter briefs were submitted to the trial court by the executor and by the objectors, and further oral arguments were heard on May 12, 1989. When the trial court sent a letter of opinion to counsel indicating that it had found that the estate of James O. Burke was the owner of an undivided, one-half interest in the property located at 721 Fifth Avenue, in Rochelle, Illinois, the executor filed a motion for clarification or, in the alternative, to reconsider.

After further oral argument on the executor's motion heard on September 27, 1989, the court rendered an opinion by letter. The court stated that after examining the property owned by the decedent when he died together with the extrinsic evidence contained in the inventory and the inheritance tax return, the motion to reconsider was denied. The court then requested that a draft order be prepared for its signature. At a hearing on October 26, 1989, the objectors sought to include in the order a provision that the interest of James Burke be deeded to them.

In its order dated November 28, 1989, the trial court found that the provision in the will describing the property at 721 Seventh Avenue should be construed as a devise by James O. Burke of the property he owned at 721 Fifth Avenue, in Rochelle, Illinois. The court

based its decision on the ownership of the property of decedent as shown by the inventory of the estate and the inheritance taxes paid on this property and on the rules of construction relating to a scrivener's error. The court reasoned that common sense should dictate that the intent of the testator was to devise the property at 721 Fifth Avenue. Accordingly, the interest of the decedent was held to be devised to Michael G. Burke and Wallace J. Burke as tenants in common. The court further ordered the executor to execute a deed conveying that interest to them. Only the executor has filed a timely notice of appeal from that order and brings this appeal pursuant to Supreme Court Rule 304(b)(1) (107 Ill. 2d R. 304(b)(1)).

We must first decide whether we may hear this appeal. Pursuant to the holding of *In re Estate of Tingos* (1979), 72 Ill. App. 3d 703, 711-12, we conclude that the order appealed from is neither final nor appealable as to the executor, who has no standing to bring this appeal. (See *In re Estate of Wagner* (1989), 184 Ill. App. 3d 882; 2 Horner Probate Practice & Estates §851 (4th ed. 1988); Annot., 16 A.L.R.3d 1274 (1967).) In *Tingos*, an executor appealed from an order requiring him to make a partial distribution of the estate's assets to two heirs and legatees. The executor claimed that the order was in error because it failed to require a refunding bond. The *Tingos* court determined that the order was neither final nor appealable by the executor, since the order of partial distribution was in no sense final because it determined nothing as against the executor. The court reasoned that, even if a partial distribution order could be considered final in some contexts or as against some persons, the executor did not have such an interest as would entitle him to appeal from the order. The general rule followed in other jurisdictions is that an executor has no right to appeal from an order granting or denying a partial distribution. (*Tingos*, 72 Ill. App. 3d at 711.) The rationale for the rule appears to be that, since the executor is in essence a stakeholder, he is not a party aggrieved by the partial distribution order and is not bound to litigate conflicting claims of beneficiaries and creditors at the expense of the estate. (72 Ill. App. 3d at 711.) The *Tingos* court further determined that, even if it were to recognize an exception where the order would render the estate's assets insufficient to pay claims, the record failed to establish such a situation.

We believe that the instant appeal falls well within the ambit of *Tingos*. The executor here is not "a party" as required under Supreme Court Rule 304(b)(1) merely because the trial court determined that the property in question was to be conveyed to particular heirs or devisees. Furthermore, the order was not final as to the executor

in his representative capacity. It is the law in this State that, in the absence of fraud, one who distributes assets pursuant to court order will be protected. (*Wagner*, 184 Ill. App. 3d at 886-87.) The lack of finality of the order is further evidenced by the executor's appellate contention that there remain several unresolved issues before the trial court and a final order of distribution has not yet been entered. It remains for the executor to pursue his legal remedies in the trial court regarding the final distribution of assets and the payment of expenses rather than by piecemeal appeal to this court. As in *Tingos*, the state of the record in this case is not such that we should recognize an exception to the general rule stated there in order to examine whether the order entered would render the estate's assets insufficient. We leave the proper resolution of those issues to the trial court.

For the reasons stated, the appeal is hereby dismissed.

Appeal dismissed.

GEIGER and INGLIS, JJ., concur.