*In re* ESTATE OF ULREH J. VOGT, JR., Deceased (David H. Vogt, Petitioner-Appellee, v. Robert E. Dunworth, as Successor Ex'r of the Estate of Ulreh J. Vogt, Jr., Respondent-Appellant).

First District (5th Division)   No. 1—92—2411

Opinion filed June 30, 1993.

Joseph G. Bisceglia and Richard A. Campbell, both of Jenner & Block, of Chicago, for appellant.

Vincent J. Pascucci, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal from an order of the circuit court which granted David H. Vogt[1] (David) standing to object to and contest the first and second accounts to the court made by the executor of the estate of his father, Ulreh J. Vogt, Jr., deceased. The sole issue in this appeal is whether the trial court erred in granting David standing.

The facts, which are not in dispute, are as follows.

Ulreh J. Vogt, Jr., died on March 11, 1988, survived by five children. Under the terms of Vogt's will and codicil, his tangible personal property was to be divided among his five children and the assets of his residual estate were to be placed into a residuary trust, with Ulreh J. Vogt III and Dolores V. Suess (David's brother and sister) named as trustees. The residuary trust was then to be divided into five separate trusts, one for the benefit of each of de-

---

[1] According to appellee's brief, his correct middle initial is "H" and not "M" as set forth in appellant's brief.

cedent's five children,[2] who would then receive the net income from the trusts. Although Vogt died more than five years ago, there has yet to be a final accounting on the estate and the residuary trust (and individual trusts to be created thereunder) has not been funded.

Since the decedent's death there have been two accounts filed with the court. The "First Current Account" was filed June 23, 1989, and the "Second Current Account" was filed November 22, 1991, each prepared by attorney Robert E. Dunworth (executor), successor executor of the estate. David filed objections on several grounds to both of these accountings on February 13, 1992.

The executor of the estate filed a response to David's objections on March 18, 1992. He contended that David, as a beneficiary of a trust created under the residuary trust (which had not been funded as of yet), was not an "interested person" as defined under the Illinois Probate Act of 1975 (Ill. Rev. Stat. 1989, ch. 110½, par. 1—2.11) and, therefore, was not entitled to notice of the accountings. Based upon that fact, the executor concluded that David had no standing to object to the accounts made to the court. The executor argued that the trustees of the residuary trust were the only interested persons entitled to notice of the accounts and, accordingly, they were the only persons given the right to object to the accounts. The beneficiaries could only take action against the trustees, who were fiduciaries charged with representing the interests of the trust beneficiaries.

At a hearing held June 5, 1992, the circuit court heard argument on the matter of David's standing to object to the accounts. The circuit court held that David did have standing to object to the accountings and the executor appealed, claiming that this court has jurisdiction over the matter pursuant to Supreme Court Rule 304(b)(1). 134 Ill. 2d R. 304(b)(1).

Initially, we are required to determine whether this court's jurisdiction has been properly invoked since, without jurisdiction over the matter, this court may not consider the appeal. As stated above, jurisdiction is invoked pursuant to Supreme Court Rule 304(b)(1), which states:

---

[2]There is a separate action pending in the circuit court which does not affect this appeal. It concerns the validity of the codicil to Vogt's will. Apparently, according to Vogt's will, five equal trusts were to be created under the residuary trust, one for each of his five children. The codicil, however, limited the amount to be placed in trust for two of David's sisters to $100,000.

"The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party." 134 Ill. 2d R. 304(b)(1).

The executor contends that because the circuit court determined that David had standing to object to the accounts, the order "finally determined" his right or status as an interested person and, therefore, the order is appealable. We disagree.

■ Rule 304(b)(1) promotes efficiency and provides certainty by allowing appeal as to some issues as they are resolved during the administration of an estate. (*Yardley v. Yardley* (1985), 137 Ill. App. 3d 747, 484 N.E.2d 873.) But not every order entered in an estate proceeding may be immediately appealed. For appellate jurisdiction, the order must "finally" determine the right or status of a party. *In re Estate of Devey* (1993), 239 Ill. App. 3d 630, 633, 607 N.E.2d 685.

The committee comments to Rule 304(b)(1) state:

"Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." 134 Ill. 2d R. 304(b)(1), Committee Comments, at 245-46.

■ The present case involves none of the above-cited examples of proper appeals under Rule 304(b)(1). Nor does the order finally determine the right or status of David in relation to the estate. The executor claims that the court's order created David's status as an interested party, but this is clearly not so. David was, and still is, a person with a financial interest in the estate and, as such, he is an interested person within the meaning of section 1—2.11 of the Illinois Probate Act (Ill. Rev. Stat. 1989, ch. 110½, par. 1—2.11), notwithstanding the fact that there is no requirement that he receive notice or an accounting in his capacity as a beneficiary of a trust which has an "interested person" as a trustee.

We acknowledge that pursuant to section 24—2 of the Illinois Probate Act (Ill. Rev. Stat. 1989, ch. 110½, par. 24—2) notice of any hearings on the account need not be given to David in his capacity as a beneficiary of a trust created by the estate. Yet we see no evidence that this statute in any way precludes a trial court

from recognizing a beneficiary's interest in the estate and allowing that person to participate in proceedings on the account. We believe that a beneficiary, although not a necessary party, may be a proper party to come before the court in matters such as these. See *Schlosser v. Schlosser* (1991), 218 Ill. App. 3d 943, 578 N.E.2d 1203.

Furthermore, in *In re Estate of Burke* (1990), 203 Ill. App. 3d 319, 561 N.E.2d 220, the executor of the estate appealed pursuant to Rule 304(b)(1) after the circuit court ordered him to execute a deed conveying interest in property to certain heirs. The reviewing court, relying on the holding in *In re Estate of Tingos* (1979), 72 Ill. App. 3d 703, 390 N.E.2d 1349, concluded that the order was neither final nor appealable as to the executor, who had no standing to bring the appeal. Accordingly, the court adopted the general rule that an executor may not appeal from an order granting or denying a partial distribution since the executor does not have the type of interest that would entitle him to appeal.

Although the instant case does not involve an order granting or denying partial distribution, we believe that the same conclusion must be reached. Here the executor is appealing from an order which recognizes David's interest in the matters of the estate and allows him the opportunity to object to the accounts made concerning the estate. This ruling in no way affected, finally or otherwise, the rights or status of the executor and he cannot be aggrieved by such an order. Consequently we find that this is not a proper appeal under Rule 304(b)(1).

For all the reasons stated above, the appeal is dismissed.

Dismissed.

McNULTY and COUSINS, JJ., concur.