Chicago and Northern Pacific Railroad Company

*v.*

The City of Chicago.

*Opinion filed February 14, 1898—Rehearing denied April 7, 1898.*

1. Special assessment—*ordinance for curbing "on either side" of a street means on both sides.* An ordinance which provides for setting curbing "on either side" of a certain street is not invalid for indefiniteness, the words "either side," as so used, meaning both sides.

2. Same—*grade for paving may be fixed by reference to prior ordinance by which it is established.* An ordinance for paving a certain street which provides that the pavement be laid to conform to the established grade of such street as shown by an ordinance "now on file in the office of the city clerk," is sufficiently specific in its description of the grade.

3. Same—*when portion of street occupied by a street railway may be excepted from operation of ordinance.* Where a city has granted a

franchise to a street railroad company to occupy part of a street upon the condition that it will improve that portion in such manner and at such times as the city shall improve the other parts thereof, for the performance of which condition the company has given a bond, a subsequent ordinance for improving such street may except the part so occupied from its operation.

4. SAME—*question of necessity for local improvement is for the council.* The question of the necessity for a local improvement is for the city council, and evidence of such necessity is incompetent; but its admission is not ground for reversal where it could have had no prejudicial effect.

APPEAL from the County Court of Cook county; the Hon. W. T. HODSON, Judge, presiding.

K. K. KNAPP, and MARK BREEDEN, Jr., for appellant.

CHARLES S. THORNTON, Corporation Counsel, and WILLIAM H. SEXTON, Assistant, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment levied by the city of Chicago for the purpose of improving Ashland avenue, from the south line of Twenty-second street to the north line of the south branch of the Chicago river, in the city of Chicago. The Chicago and Northern Pacific Railroad Company filed objections in the county court to the confirmation of the report of the commissioners. By agreement a jury was waived and the cause was submitted to the court. The court, on the hearing, found that appellant's property was not assessed more or less than it would be benefited nor more or less than its proportionate share of the cost of the improvement. All objections interposed were overruled and the assessment confirmed. From that judgment the railroad company appeals.

Section 1 of the ordinance, among other things, contains the following: "That a local improvement shall be made within the city of Chicago, county of Cook and

State of Illinois, the nature, character, locality and description of which local improvement is as follows: That the roadway of Ashland avenue, from the south line of Twenty-second street to the north line of the south branch of the Chicago river, in said city of Chicago, said roadway being sixty feet in width, be and the same is hereby ordered curbed with the best quality of limestone curb-stones, said curb-stones to be four feet long, three feet deep and five inches in thickness, with top edge full and square. Each curb-stone to have a straight base the whole length and to be firmly bedded upon flat stones. Each curb-stone to be bush-hammered on the top surface and for a space of twelve inches down from the top. Said curb-stone to be set on either side of the roadway of said Ashland avenue between said points, (except across the roadway of intersecting streets and alleys,) at and on a line parallel with and thirty feet from the center line of said roadway."

It is said in the argument that the clause in the ordinance in reference to the location of the curb-stones is indefinite and uncertain,—that it nowhere provides that they shall be set on both sides of the roadway. In Webster's definition of the word "either" will be found the following: "2. Each of two; the one and the other." Under this definition the language of the ordinance, "said curb-stones to be set on either side of the roadway," would require them to be set on both sides. Indeed, the language used in the first part of the section requiring the roadway sixty feet in width to be curbed, shows plainly enough that it was intended by the framers of the ordinance that both sides of the roadway should be curbed. It is unreasonable to suppose that the city council would require one side of a street to be curbed and leave the other side without curbing, and when the entire section is considered we think that a fair and reasonable construction to be placed on the ordinance is, that curb-stones should be set on both sides of the street.

It is also claimed that the ordinance is defective upon the alleged ground that no grade is established for Ashland avenue along the line of the proposed improvement. Section 1 contains this provision: "Said pavement to be laid to conform to the established grade of said Ashland avenue, as shown by an ordinance establishing the grade of said street now on file in the office of the city clerk." Under the rule declared in *City of Carlinville* v. *McClure*, 156 Ill. 492, the grade was sufficiently given. It is there said (p. 496): "The ordinance must give such a description of the improvement as that an intelligent and substantially correct estimate of its cost can be made. It is necessary that the grade of the street should be made to appear, in order to show what amount of excavation and fill, respectively, are required to be made in the construction of the improvement. But we do not understand that it is necessary that in the body of every ordinance providing for a local improvement upon a street by special assessment or special taxation the details of the grade of that street must be set out. A reference to an ordinance, monument, instrument, or other fixed thing that locates and witnesses that grade, will suffice."

The next objection made to the ordinance is, that the improvement, if constructed according to the provisions of the ordinance, would leave a hole or trench sixteen feet wide in the middle of the roadway. This position is predicated on the following clause of section 1 of the ordinance: "The roadway of said Ashland avenue between said points, except the space of sixteen feet in width in the middle of said roadway occupied as railroad right of way, said roadway being twenty-two feet in width on either side of the said space of sixteen feet in width occupied as railroad right of way, be and the same is hereby ordered filled," etc. Upon an examination of the record it will be found that the city has made ample provision for the improvement of the sixteen feet in the center of the street. It appears that the city had, by

ordinance duly passed, granted a franchise to the West Chicago Street Railroad Company to lay its tracks in that portion of Ashland avenue in controversy. This ordinance requires the railroad company to improve the sixteen feet of the street upon which it constructs its tracks in the center of the street, in the same manner and at the same time that the city improves the balance of the street. The ordinance was accepted by the railroad company, and in addition it entered into a bond to fully comply with all the requirements of the ordinance granting the franchise. Where a city has granted to a railroad company a franchise to occupy a part of a street, and as a condition required the railroad company to improve that portion of the street occupied by it, thus making ample provision for the improvement of that part of the street so granted to the railroad company, in passing an ordinance for the improvement of the street no reason occurs to us why that part granted to the railroad company may not properly be excepted from the provisions of the ordinance, as was done in the ordinance in question. We think the ordinance fully complies with the statute requiring an ordinance to specify the nature, character, locality and description of the improvement.

It is also claimed that the court erred in permitting appellee to introduce evidence as to the condition of the avenue and as to the necessity of the improvement. Whether there was a public demand for the improvement was a question for the city council to consider in passing the ordinance. But conceding the evidence had no bearing on any question at issue in the case and was incompetent, we do not think it had any prejudicial effect on appellant's case, and hence its admission is not sufficient ground for reversing the judgment.

The judgment of the county court will be affirmed.

*Judgment affirmed.*