WILLIAM ALBRECHT *et al.* Appellees, *vs.* CAROLINE HITTLE *et al.* Appellants.

*Opinion filed December 21, 1910.*

1. AFFIDAVITS—*when affidavit for publication of notice is sufficient.* An affidavit for publication of notice in a chancery case which states that certain defendants are not residents of the State is not defective because it does not state that they cannot be served with process, as that statement is required only when a defendant is concealed within the State or on due inquiry cannot be found.

2. SAME—*place of residence of non-resident defendants may be stated upon information and belief.* One making an affidavit as a basis for publication of notice is bound to make due inquiry to ascertain the place of residence of a non-resident defendant, and while he may state the fact of his own knowledge, yet if his information results merely from inquiry he must necessarily state such place of residence upon information and belief.

3. WILLS—*when will is properly set aside because of an insane delusion.* Where the testator's belief in the infidelity of his wife and the paternity of his children is founded upon no evidence whatever and is a belief which no sane person would, under the circumstances, entertain, his will giving the whole of his estate to five children to the exclusion of six other children and seven grandchildren is properly set aside, though the proponents show that he was capable of transacting ordinary business.

4. SAME—*time when proponents should offer expert testimony as to testamentary capacity.* If the proponent desires to present to the jury the opinions of experts based upon hypotheses of facts testified to by his witnesses he should do so before closing his evidence in chief, but he has also the right, after the contestants have offered their proof on the subject of testamentary capacity, to examine expert witnesses as to what conclusion, in their opinion, should be drawn from such proof.

5. APPEALS AND ERRORS—*when refusal to permit experts to testify will not reverse.* Refusal to permit the proponent in a will

case to examine experts on the hypotheses of facts disclosed by the proof made by the contestants is not ground for reversal, where it is clear that no amount of expert testimony on the subject would lead a juror of ordinary intelligence to conclude that the beliefs of the testator, as shown by the evidence, were not the result of insane delusions.

APPEAL from the Circuit Court of Lee county; the Hon. R. S. FARRAND, Judge, presiding.

LOUIS H. BURRELL, TRUSDELL, SMITH & LEECH, and JOHN E. ERWIN, for appellants.

W. H. WINN, and BROOKS & BROOKS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In this suit brought by the appellees against the appellants the circuit court of Lee county entered a decree upon the verdict of a jury setting aside the will of Frederick Augustus Albrecht and the probate of the same.

Three of the defendants were non-residents of the State and were brought under the jurisdiction of the court by publication of notice, which is claimed to have been insufficient on account of a defective affidavit. Two of the non-resident defendants appeared in the cause, but one of them was defaulted. The principal objection to the affidavit is that it did not state that process could not be served upon the defendants. It stated that they were not residents of this State, and that the affiant was informed and believed that they resided at certain places therein named, in other States. If a defendant is not a resident of this State it is not necessary to say that he cannot be served with process, and in this case the summons issued to the sheriff was returned not found as to the three defendants. The provision of the statute for stating that process cannot be served upon a defendant relates only to one who is con-

cealed within the State or on due inquiry cannot be found. One making an affidavit as a basis for publication of notice is bound to make due inquiry to ascertain the place of residence of a non-resident defendant, and he may state the fact of his own knowledge, but if his information is the result of inquiry he must necessarily state the residence upon information and belief. The statute, therefore, contemplates that such an affidavit may be made and the objections to the affidavit are not good.

The proceedings at the trial were not entirely free from error, but no different result could be expected upon another trial and therefore the decree ought not to be reversed on account of them. The testator, Frederick Augustus Albrecht, executed the will on March 19, 1900, and by it he first provided that his wife should have only what the law would allow her. His wife died in his lifetime, so that the provision relating to her did not become operative, and he died on January 1, 1909, leaving eleven children and seven grandchildren, his heirs-at-law. By the will the whole estate was given to five of the children. The proponents of the will proved that the testator was capable of transacting ordinary business and there was no evidence to the contrary, so that he was shown to be capable of making a will if it was not invalidated by insane delusions affecting its provisions. The ground of attack upon the will was that the testator was the subject of such delusions, and the contestants proved that he was in the habit of speaking of his wife to neighbors and acquaintances as a bitch and a whore and that he denied the paternity of his children. He said that they were bastards and sons-of-bitches and did not belong to him. At one time he said that he had sixteen children but twelve of them were not his; that the dark-haired ones belonged to a man that he named and the light-haired ones to another person whose name he gave. At another time he said that the children were not his with the exception of one, and he was doubtful about that one.

It was a common thing for him to make these assertions,
and he accused a merchant of improper relations with his
wife because they went down in the basement of a store
to see if she could pick out some carpet rags to make a
carpet.   When he went away from the house he would tell
a girl who was working there, to watch and see if any man
came there and tell him.   He would go in the house in a
sneaking way to see if any other man was there.   When
he would come home he would ask if there were any men
there that day.   He slept with two revolvers in his bed and
threatened to shoot his wife and at one time held a re-
volver to her head.   There was not the slightest reason for
any of his charges or suspicions.   His wife was a virtuous
woman and of good repute, and the only rational conclu-
sion that could be reached by the jury from the evidence
was, that he was the subject of insane delusions affecting
his children and influencing the provisions of his will.   His
belief as to his wife and the paternity of his children was
based on no evidence whatever and was a belief which no
sane person would entertain for a moment.

The only error affecting the merits of the case was the
exclusion of testimony in rebuttal.   After the contestants
had given evidence of the conduct of the testator and his
charges concerning his wife and children the defendants
produced expert witnesses to whom hypothetical questions
were put embracing such facts, for the purpose of getting
the opinions of the experts before the jury that in their
opinion such facts were not evidence of insane delusions.
The court sustained the objections on the ground that the
evidence should have been offered by the proponents in
making out their case.   The error in the ruling is apparent
from the fact that the proponents of the will could not
have known what would be testified to by the contestants'
witnesses until their evidence had been given.   It is proper
for the proponent of a will to offer all his evidence of tes-
tamentary capacity in the first instance, and if he desires

to present to the jury the opinions of experts based on hypotheses of facts testified to by his witnesses he should do so before closing in chief, (*Slingloff* v. *Bruner*, 174 Ill. 561,) but after the contestant has offered his evidence the proponent has a right to examine expert witnesses as to what conclusions, in their opinion, should be drawn from such evidence. In this case, however, it seems clear to us that no number of experts would be able to convince a jury that the beliefs of the testator were merely false ideas as distinguished from insane delusions, as was proposed by the solicitor in offering the evidence. Jurors of ordinary intelligence would inevitably conclude that the testator was so far affected with insane delusions as would render him incapable of making a valid disposition of his estate between his children.

    The decree is affirmed.         -     *Decree affirmed.*