(No. 39183.—

TRUSTEES OF SCHOOLS, *etc.,* Appellants, *vs.* W. J. STEELE *et al.*—(HAROLD WILLIAM KRONSBEIN, Appellee.)

*Opinion filed Nov. 19, 1965.—Rehearing denied Jan. 25, 1966.*

MAURICE DAILY, of Granite City, and LISTEMAN, BANDY & HAMILTON, of East St. Louis, for appellants.

KENNETH F. KELLY, of Granite City, and McGLYNN & McGLYNN, of East St. Louis, (ROBERT E. McGLYNN, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

In 1953 the plaintiffs, township school trustees in Madison County, filed an eminent domain petition to acquire certain land for school purposes. A jury determined just compensation for the property and on November 23, 1953, judgment was entered upon the jury's award. Pursuant to the court's order, the amount of the award was paid to the county treasurer, and possession of the property was taken. A junior high school building was erected upon a part of

the land taken, and the balance was improved with athletic facilities. On November 10, 1960, Harold William Kronsbein (hereafter defendant) filed a motion to vacate the judgment on the ground that no jurisdiction over him was ever acquired in the eminent domain proceeding, and that the judgment entered in that proceeding was void as to him. Three years later an order was entered setting aside the judgment of November 23, 1953, as to the defendant. On the plaintiffs' appeal the appellate court affirmed, (54 Ill. App. 2d 337,) and we allowed leave to appeal.

The defendant's interest in the property in question arose under the will of his grandfather, which devised the land in question to trustees to pay the income to the defendant's mother for life, and provided that upon her death the land should go to her issue. The defendant was her only child, and the appellate court held that he was the owner of a vested remainder interest in the property, subject to the life estate in the trustees for the benefit of his mother. This determination is not contested in this court.

In the eminent domain proceeding a summons directed to the defendant was left with his mother at her residence in an attempt to effect "abode" service as authorized by section 13 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 137,) but it is conceded that he did not at that time reside with his mother, and so jurisdiction was not secured by that method. An answer was filed on behalf of the defendant by attorney Joseph C. Steele, but at the hearing upon the motion to vacate both Joseph C. Steele and the defendant testified that Steele was not authorized to represent the defendant in the eminent domain proceeding. Whatever other consequences may flow from the unauthorized answer, it did not give the court jurisdiction over the defendant.

Notice by publication was also directed to the defendant under section 14 of the Civil Practice Act, (Ill. Rev. Stat. 1953, chap. 110, par. 138.) The affidavit upon which publi-

cation was based was filed by the attorney who then represented the plaintiffs. With respect to the defendant it recited: "That the said defendant, Harold William Kronsbein, formerly lived and resided with his mother at 2406 Nameoki Road, Granite City, Illinois, but has long since moved from there and on due inquiry, cannot be found, and his present place of residence is unknown, and that upon diligent inquiry, his place of residence cannot be ascertained."

The defendant does not deny that notice was published in the manner and for the time required by the statute. He contends, however, and the trial and appellate courts accepted the contention, that the published notice was ineffective because the affidavit did not comply with the provisions of the statute.

Section 14 of the Civil Practice Act, as it read when the eminent domain proceeding was before the trial court, provided: "Whenever, in any civil action affecting property or status within the jurisdiction of the Court, * * * plaintiff or his attorney shall file, at the office of the Clerk of the court in which his suit is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this state, so that process cannot be served upon him, and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence cannot be ascertained, the Clerk shall cause publication to be made * * *." Ill. Rev. Stat. 1953, chap. 110, par. 138.

The contention that notice by publication did not confer jurisdiction over the defendant is based upon the fact that the affidavit for publication does not contain the words "so that process cannot be served upon him." It is asserted that the omission of this clause deprived the court of jurisdiction. The trial and appellate courts were persuaded to this view by the language used by this court in *Albrecht* v. *Hittle*, 248 Ill. 72, 73-74: "The principal objection to the

affidavit is that it did not state that process could not be served upon the defendants. It stated that they were not residents of this State, and that the affiant was informed and believed that they resided at certain places therein named, in other States. If a defendant is not a resident of this State it is not necessary to say that he cannot be served with process, and in this case the summons issued to the sheriff was returned not found as to the three defendants. The provision of the statute for stating that process cannot be served upon a defendant relates only to one who is concealed within the State or on due inquiry cannot be found."

In *Albrecht* v. *Hittle* the court was concerned only with service by publication upon a nonresident, and what was said with respect to other matters was *dictum*. As applied to a situation in which a defendant "on due inquiry cannot be found," the omitted clause is redundant, for it follows as a necessary consequence that process cannot be served upon such a defendant. Of the several situations in which the statute authorizes service by publication, the omitted clause has least relevance to that in which the defendant on due inquiry cannot be found. One who resides or has gone out of the state might nevertheless work within the state, or otherwise come regularly within the state so that personal service could be had. And as applied to one who is concealed within the state, the clause "so that process cannot be served upon him" might reasonably be thought to describe the requisite quality or degree of concealment. But in the situation in the present case, in which published notice was based upon a sworn statement that on due inquiry the defendant could not be found, the omitted clause would have added nothing to what had already been said. To insist upon its presence would be to require an empty formality. We hold therefore that the trial court had jurisdiction over the defendant in the eminent domain proceeding.

The defendant also contends that the compensation awarded for the land was paid to the trustees for the life

580

tenant, and that his interest was therefore unaffected. In fact, however, the compensation awarded by the jury was, in accordance with section 14 of the Eminent Domain Act, (Ill. Rev. Stat. 1953, chap. 47, par. 14,) by order of the court deposited with the county treasurer "for the benefit of the owners of, and parties interested in said tract of land." The disposition thereafter made of the money so deposited cannot affect the rights of the condemnors. (*Forest Preserve Dist. of Cook County* v. *Chicago Title and Trust. Co.* 351 Ill. 48, 55; *County of Cook* v. *Vander Wolf,* 394 Ill. 521, 528.) The defendant also asserts that "[T]he value of the property as fixed by the jury was based on a stipulation of an attorney, who had no authority to represent, or bind this defendant, and, was not based upon evidence heard in an adversary proceeding." This assertion is based upon a misapprehension of the record, which shows that the jury found that the value of the land taken was $58,893. The stipulation to which the defendant refers was entered into between the trustees under the will of the defendant's grandfather and a tenant who was farming the land under a five-year lease. The tenant agreed to relinquish his interest under the lease and vacate the premises upon the payment of $4,000 to him by said trustees. No right of the defendant was prejudiced by the stipulation.

The judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*