Maurine Crockett, Plaintiff-Appellant, v. Dorothy Ann Baker, Administrator de bonis non, With the Will Annexed, of the Estate of Wilfred Kenney Rose, Dorothy Ann Baker, Administrator de bonis non, With the Will Annexed, of the Estate of Lucinda E. Rose, Deceased, Dorothy Baker, Executor of the Estate of Charles P. Baker, Deceased, Dorothy Baker, Individually, Thomas W. Guin, Executor of the Estate of Ivy E. Guin, Deceased, David P. Rose, et al., Defendants-Appellees.

Gen. No. 68–42.

Fifth District.

February 11, 1969.

White & White, of Sullivan, for appellant.

Turner & Turner, Baker & Baker, and Arthur J. Steidley, of Shelbyville, White & White, and McLaughlin & Stone, of Sullivan, Samuels, Miller, Schroeder, Jackson and Sly, of Decatur, and Jack E. Horsley, of Craig & Craig, of Mattoon (Fred H. Kelly, of counsel), for appellees.

GOLDENHERSH, P. J.

Plaintiff, Maurine Crockett, appeals from the judgment of the Circuit Court of Shelby County dismissing with prejudice, and at plaintiff's costs, her action to construe the will of Wilfred Kenney Rose, deceased.

Plaintiff's complaint alleges that Wilfred Kenney Rose died on November 26, 1965; his will was admitted to probate on January 12, 1966; the identity of the named defendants; the will, after making specific bequests of certain personal effects and a small sum of money, contains the following provisions:

> "EIGHTH: All the rest, residue and remainder of my Personal Property, excepting my Automobile,

monies and Government Securities, shall be divided into Five Shares and One Share shall go to my Sister, Clara Wilson, or her Heirs, if she is not living at the time of the settlement of my Estate, one share to my Sister, Ivy E. Guinn, or her Heirs, if she is not living at the time of the settlement of my Estate; one share to my Sister, Rosella M. Baker, or her Heirs, if she is not living at the time of the settlement of my Estate; one share to my Sister, Lucinda E. Rose; and one share shall go to David P. Rose and Paul B. Rose, the Heirs of W. W. Rose. It is my wish and desire that the above personal property shall be divided agreeably among the parties above named, if it is possible to do so, but if it is not possible to make an amicable division of said Property, then my Sisters, who are living at the time of the settlement of my said Estate, shall make the distribution among the parties above named and said distribution and division shall be made by lot."

"NINE: I direct my said Executor to convert my Automobile, all my Real Estate and my Government Securities into cash, as my Estate for distribution and I further direct that my said Executor may sell my Automobile and Real Estate at either Private or Public Sale as she may think would bring the higher price for either or both, and for the purpose of carrying into effect this provision of my said Will, my said Executor is hereby authorized to make and Execute proper Deed or Deeds of conveyance for said Real Estate. Should there be a depression in the Sale of Real Estate at the time of the settlement of my Estate, upon the wishes of the majority of my Sisters living at the time of said settlement, the Sale of my Real Estate shall be deferred until a time agreed upon by a majority

of my Sisters living at the time that said decision is made for the Real Estate Sale. I further direct that the purchaser of said Real Estate at said Sale need not look to the application of the purchase money therefore, but a conveyance from the said Lucinda E. Rose, as such Executor, shall vest in such purchaser such title as I might convey if living."

"TENTH: After the above distributions have been fulfilled I direct that the balance of my Estate shall be divided into Eleven shares and distributed as follows: Two-Elevenths to my Sister, Clara Wilson; two-elevenths to my sister, Ivy E. Guinn; two-elevenths to my sister, Rosella M. Baker; two-elevenths to my sister, Lucinda E. Rose; one-eleventh to my Nephew, Gloyd Archie Rose; one-eleventh to my Nephew, David P. Rose and one-eleventh to my Nephew, Paul B. Rose."

". . ."

The testator's real estate and personalty were sold pursuant to Paragraph Nine; the testator had a savings account; a dispute has arisen as to the proper distribution under the will and the defendants, Paul B. Rose, David Rose, and Thomas W. Guin, Executor of the Estate of Ivy E. Guin, have filed objections to the Final Report of the Administrator de bonis non, contending that the property should be distributed according to Paragraph Tenth of the will to the surviving persons therein named after application of the provisions of c 3, § 49, Ill Rev Stats; the testator's intent was that his real estate be equitably converted into personal property for distribution under the terms of Paragraph Eighth, the estate should be distributed in the fractional shares set out in the complaint.

Defendants, Paul B. Rose and David P. Rose, moved to dismiss the complaint. A separate motion to dismiss was filed by defendant, Thomas W. Guin, Executor of

▮▮▮▮▮▮▮▮

the Estate of Ivy Guin. The court allowed the motion filed by defendants Rose. The order of dismissal states:

"That said Last Will and Testament of the said Wilfred Kenney Rose, Deceased, does not require construction and that the terms thereof are neither ambiguous, uncertain or doubtful, that no construction thereof is required, and that this Court will not therefore assume jurisdiction of said cause."

The record does not reflect any ruling on the Guin motion.

Plaintiff contends that because the will directs the sale of the testator's real estate an equitable conversion resulted; under the authorities an ambiguity exists, and construction of the will is required, for the reason that devises under such circumstances have been held to be devises of personalty in some cases, and of money in others; whether personalty or money, the estate is distributable under Paragraph Eighth of the will. Alternatively plaintiff argues that if no ambiguity exists in the will, the proceeds of the sale of the testator's automobile, real estate and government securities, as "the estate for distribution," should be distributed as personal property under Paragraph Eighth of the will.

Defendants, Marjorie Stormquist, Robert Wilson and Rose Warner, have appeared and adopted plaintiff's brief and argument.

Defendants, Gloyd Archie Rose, David P. Rose and Paul B. Rose, have jointly filed a brief and argument; defendants, Dorothy Ann Baker, administrator de bonis non with the will annexed of the estate of the decedent, and in the same capacity with the estate of Lucinda E. Rose, and Dorothy Baker, individually and as Executor of the Estate of Charles P. Baker, deceased, appearing by other counsel, have also filed a joint brief and argument. These defendants are in agreement that the will contains no ambiguity, and the latter group of ap-

pellees has also briefed and argued the proposition that the devises in Paragraph Tenth are individual and not class gifts, and the gifts to Clara Wilson, and Rosella M. Baker, pass as intestate property to the heirs of the testator in accordance with their respective fractional interests under the Statute of Descent.

The rules governing the construction of wills are stated by the Supreme Court in Wiener v. Severson, 11 Ill2d 347, 143 NE2d 225, wherein the court said at page 349: "It is fundamental that in construing wills the intention of the testator, as determined from the entire will, is to be given effect unless contrary to law. Such intention is determined in two ways: one by ascertaining the testator's actual meaning from the words employed, to which all rules of construction give way, and the other by finding his presumed intention by the application of rules of construction where the meaning is obscure, doubtful, or uncertain. Resort to such rules is necessary, however, only where the actual intent cannot be ascertained. If the intention may be gathered from the language of the will without reference to rules of construction, there is no occasion to use them. Stagg v. Phenix, 401 Ill 134," and in Carr v. Hermann, 16 Ill2d 624, 158 NE2d 770, wherein the court said at page 628: "The lodestar of will construction is to ascertain and effectuate the intention of the testator, provided such is not contrary to law, by comparing the various will provisions with one another and, where possible, by adopting a construction which gives effect to all the language used. (Citing cases.) No part will be rejected as meaningless or surplusage if such can be avoided. (Citing cases.)"

In our opinion Paragraph Eighth clearly, and without ambiguity, provides for the distribution of the testator's personal property except for the specific bequests, his automobile, money and government securities. Paragraph Tenth, with equal clarity provides for the dis-

tribution of the money obtained from the sale of his real estate, automobile, and government securities in accordance with Paragraph Nine, and any money he might have. To adopt plaintiff's construction of the will would render Paragraph Tenth meaningless. The trial court correctly held the will did not require construction.

The record shows that subsequent to the entry of the order of dismissal, plaintiff filed a motion to vacate the order and for leave to file an amended complaint. Several defendants filed a motion to vacate the order of dismissal and for leave to file a cross complaint. The court denied plaintiff's motion, and the record does not reflect any ruling by the court on the defendants' motion.

Plaintiff argues that notice of a hearing on her motion to vacate was not given all parties of record, and the court erred in acting on it without giving all parties an opportunity to be heard. The only parties who allegedly failed to receive notice of the hearing on the motion make no complaint here, and in the absence of a cross-appeal apparently acquiesce in the result of the court's action. Under the circumstances, plaintiff was not in any manner prejudiced by the alleged failure to give notice. We have examined the amended complaint which plaintiff proposed to file and find nothing alleged therein which requires a construction of the will.

We do not reach or decide any issue based upon the provisions of c 3, § 49, Ill Rev Stats. No final report is in evidence, in this state of the record we cannot ascertain the pertinent facts, and we do not anticipate the circuit court's rulings on such objections as may be made thereto.

For the reasons set forth herein the judgment of the Circuit Court of Shelby County is affirmed.

Judgment affirmed.

MORAN and EBERSPACHER, JJ., concur.