DOROTHY GRIFFIN *et al.*, Plaintiffs-Appellees, *v.* HAROLD GOULD *et al.*, Defendants.—(HAROLD GOULD, Defendant-Appellant; APRIL ISAACSON CAMP, Defendant-Appellee.)

First District (5th Division)    No. 81-320

Opinion filed February 5, 1982.

Samuel H. Young, P. C., of Skokie (Samuel H. Young, of counsel), for appellant.

Reinwald & Sostrin, of Chicago (Lester Reinwald and Morris Sostrin, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendant Harold Gould (defendant) appeals a finding that certain statues passed under the residuary clause of a will. He contends that the trial court erred (1) in holding that article one of the will, disposing of "house furniture and furnishings and articles of household or personal use

or ornament of all kinds" was unambiguous and did not operate to pass the statues; and (2) in ruling that extrinsic evidence could not be considered to clarify the testator's intention.

Plaintiff's, co-executors of the estate of Benjamin J. Kulp (testator), petitioned for a construction of his will which, in article one, gave his residence and all "house furniture and furnishings and articles of household or personal use or ornament of all kinds" to defendant, and in article two gave the residue of his estate to the trustees of testator's trust. The beneficiaries of the trust were named as parties defendant.

The bill of appraisement filed with the court by plaintiffs listed 284 items of tangible personal property, including the six statues in question—of which four depict Abraham Lincoln, one is a bronze bust of an unidentified person, and the sixth is a bronze sculpture entitled "The Woodcarver." Following distribution to defendant of the tangible personal property, including the six statues, it appears that two beneficiaries, Griffin and Camp, took the position that one of the statues, which depicted a seated Lincoln appraised at $30,000 and located at testator's club, passed as part of the residue of the estate under article two of the will. Plaintiff then petitioned for a construction of the will and instructions as to the proper distribution of the statues. Defendant moved to strike and dismiss on the grounds that article one unambiguously included all the statues.

Following a hearing on the petition, the trial court on January 16, 1981, denied defendant's motion to strike and dismiss and, in ruling that all the statues passed as part of the residuary estate under article two, the court found that there was no ambiguity in the terms of the will—stating that the statues were not mentioned in the will and that the absence of unequivocal descriptive language meant that the testator did not intend to include them in article one. The court also ruled that it did not "need extrinsic evidence to clarify the question" and, although it permitted defendant to make an offer of proof concerning the testator's intention, it stated that such evidence would have no bearing on its decision. The trial court then denied a motion for reconsideration which included a request by defendant to present pictures of the items under consideration showing "their location and surroundings in the home of the decedent" and "offers of proof of non-interested persons" concerning the intention of the testator as to the statues. This appeal is from the order of January 16, 1981.

OPINION

Defendant essentially contends that the trial court erred in finding that article one was unambiguous and did not include the statues or, alternatively, that extrinsic evidence should have been admitted to

determine the intention of the testator. Plaintiffs contend, on the other hand, that article one is unambiguous and, since it does not specifically describe and bequeath the statues to defendant, the trial court properly found that they passed as part of the residuary estate under article two.[1]

The relevant provisions of the will are as follows:

### "ARTICLE ONE

I give and devise:

(a) All jewelry, wearing apparel, silver, silverware, china, pictures, paintings, books, house furniture and furnishings and articles of household or personal use or ornament of all kinds owned by me at my death to my nephew, HAROLD GOULD * * *.

### ARTICLE TWO

All the rest of my estate, real and personal, wherever located, but expressly excluding any property over which I now or hereafter may have power of appointment, I give and devise to the acting trustee of that certain trust created by me known as the Benjamin Kulp Trust, Dated January 6, 1966, as heretofore amended by me on April 30, 1973, and Oct. 7th, 1975, of which The First National Bank of Chicago, of Chicago, Illinois, now is acting as trustee, to be held and disposed of after my death as provided in the said trust agreement as so amended."

The interpretation of wills is governed by certain general principles, preeminent of which is to ascertain and give effect to the intention of the testator (*Krog v. Hafka* (1952), 413 Ill. 290, 109 N.E.2d 213), which is to be determined from the will itself (*Cahill v. Michael* (1943), 381 Ill. 395, 45 N.E.2d 657), but where its language leaves doubt as to such intention, as where an ambiguity or uncertainty exists, the court considers the circumstances surrounding the testator when the will was made as stated in *O'Connell v. Gaffney* (1962), 23 Ill. 2d 611, 614, 179 N.E.2d 647, 649:

"In construing a will the pole star or guiding light is the intention of the testator as gathered from the language contained in the will and, if ambiguous, the circumstances surrounding the testator at the time of its execution."

■■ Our reading of the present will leaves uncertainty as to the intention of the testator with respect to the statues. Although in determining the testator's intention the words used in the will are given their ordinary meaning unless a different usage readily appears from the will (*Lavin v. Banks* (1950), 406 Ill. 605, 94 N.E.2d 876), it is our view that under article one there is a choice of possible meanings concerning whether the words

---

[1] Under paragraph 4 of the testator's trust, the residuary is distributed as follows: One-fourth to Dorothy Griffin, his secretary; one-fourth to defendant, his nephew; and the balance to April Isaacson Camp, his granddaughter.

"house furniture and furnishings and articles of household or personal use or ornament of all kinds" were intended to include any or all of the statues. As all or none of them might possibly answer to the general description in article one, it is necessary to consider extrinsic evidence in order to determine the testator's precise intention.

The positions advanced by the parties on this point are unpersuasive. Defendant argues that under article one the statues can be considered either house furniture, furnishings, or articles of household or personal use or ornament of all kinds and, in effect, asserts that the testator classified the statues in several ways. Although it is undisputed that the testator greatly admired Lincoln, defendant fails to explain the absence of specific reference to the statues despite such interest. Moreover, acceptance of one category as including the statues renders the others surplusage and meaningless with respect to the statues, and defendant does not indicate what other items were intended to be included within the other categories. While defendant maintains the statues in question fit within these categories generally, such view being reinforced by the testator's use of the phrase "of all kinds," this reading fails to account for the particularity with which jewelry, silver, pictures and paintings are designated. It appears to us that the fluidity of the categories suggested by defendant imparts such indefinite character to the disputed portion of article one as to render uncertain the testator's intention. It is thus difficult to reconcile the inclusion of such specific categories for objects, which none of the parties claim to have been of special value to the testator, with the vague designation of one or more categories to include the statues, which were admittedly of great importance to him.

■■ The interpretation of article one urged by defendant also isolates individual terms and is thereby not in keeping with the rule that the will should be read in its entirety. The intention of the testator cannot be taken from a single expression viewed in isolation, but must instead be taken from the whole instrument and its parts, considering the testator's plan as expressed therein (*Whitmore v. Starks* (1959), 17 Ill. 2d 202, 161 N.E.2d 254), and no words of a will are to be ignored in determining such intention, as every word is presumed to serve some purpose (*Davidson v. Davidson* (1954), 2 Ill. 2d 197, 117 N.E.2d 769).

Turning to plaintiffs' contrary argument regarding article one, we find no basis from which to conclude that the testator intended to exclude the statues therefrom. It is their position that since the testator had such great admiration for Lincoln, he would immediately have noticed the absence of such a bequest had he intended to include them, especially since he singled out other categories of art objects such as pictures and paintings. They further assert that, as a consequence, the testator intended

to exclude the statues from article one. We note, however, that this argument overlooks the fact that two of the statues do not have Lincoln as their subject and that no assertion is made as to their importance to the testator. Beyond this, we believe that what follows from the absence of explicit reference to statuary is that the will is silent as to such disposition. In addition, we see no merit to plaintiffs' contention that even if article one were read as passing the five statues in the testator's home to defendant, the sixth statue—at the testator's club—could not pass in like manner, since as asserted in their petition, it was never in his home during his lifetime, leaving doubt as to whether it was an article of "household or personal use or ornament." This reading of plaintiff does not, however, account for the use of the phrase "of all kinds" which, depending upon the evidence adduced hereafter, could be construed as encompassing all the statuary. To say that the testator unambiguously intended to exclude the statues is to ascribe to him an intention not sufficiently demonstrated in the record.

■■ Furthermore, it is our view that the cases relied upon by defendant for the proposition that the statues in question are properly regarded as furniture do not govern the present controversy. As stated in *Ickes v. Ickes* (1944), 386 Ill. 19, 31, 53 N.E.2d 585, 591:

> "[C]ases upon the construction of wills do not have the controlling force as precedents that they do in other cases for the reason that the form of a will does not follow a common standard but is a writing found in a great variety of forms and executed under circumstances peculiar to each individual case. [Citations.] Unless a will case cited is in all respects directly in point and agrees in every circumstance with the case before the court, it will have little or no weight. [Citations.]" (Also see *Cahill v. Michael* (1943), 381 Ill. 395, 45 N.E.2d 657.)

Accordingly, while we deem it unnecessary to discuss in detail the cases relied upon by defendant, we note that in *Richardson v. Hall* (1878), 124 Mass. 228, the provision of the will in question, a bequest of "all the household furniture," did not contain more than one category into which certain statuary, bronzes and pictures, could reasonably be placed and, unlike the present case, was unambiguous. Similarly, in *Case v. Hasse* (1914), 83 N.J. Eq. 170, 93 A. 728, the court found that the wording of the will read in the light of the testimony presented below disclosed the intention of the testatrix to include among her "furniture and personal belongings" the art objects located in her apartment at the time of her death and that an intention to divide the objects according to whether they were useful or ornamental was not apparent. In the present case, as we have indicated, it is not apparent whether the testator intended that

the statues be considered as furniture or that they be placed in some other category. We do not believe that the authorities cited by defendant accord with the present case and are, therefore, not controlling.

■■ Finally, we consider plaintiffs' reliance on the doctrine of *ejusdem generis* as one of the bases for their position that the statues were excluded from the bequest to defendant under article one. That doctrine was formulated in *Strickland v. Strickland* (1916), 271 Ill. 614, 617, 111 N.E. 592, 593, as follows:

> "In construing statutes, contracts and other instruments it is frequently stated that when there is a general description, coupled with an enumeration of specific things or kinds of property, the general description is commonly understood to embrace and include only those things of a like kind with those enumerated." (Also see *In re Estate of Lindsey* (1973), 13 Ill. App. 3d 717, 300 N.E.2d 572.)

The operation of the *ejusdem generis* doctrine is subject to the principle of ascertaining the intention of the testator; consequently, it does not assist in resolving the ambiguities in article one of the instant will. (*Strickland v. Strickland.*) Thus, even if the general terms of article one were limited in their application to persons or things of the same kind or class as those specifically named, the context of the testator's intention must first be manifest, as such intention could be contrary to and supersede this rule.

It is our conclusion that the trial court erred in refusing to admit extrinsic evidence of the testator's intention. Consequently, we express no view as to whether the statues pass under article one or with the residuum. The judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.