CHICAGO TITLE AND TRUST COMPANY, Successor-Trustee under the Will of Ernestine C. O'Brien, Plaintiff-Appellee, *v.* JEAN SCHWARTZ, Defendant-Appellant—(Walter Serabian *et al.*, Defendants).

First District (1st Division)   No. 82—2282

Opinion filed December 19, 1983.

McGLOON, J., dissenting.

David N. McBride, David F. Sterling, and Bruce C. Davidson, all of Ross & Hardies, of Chicago, for appellant.

Jack Osswald and Daniel V. Kinsella, both of Howington, Elworth, Osswald & Hough, and Edward P. Freud, of Ruff, Weidenaar & Reidy, Ltd., both of Chicago, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Chicago Title and Trust Company as successor-trustee under the will of Ernestine C. O'Brien, filed an action in the circuit court of Cook County against defendants, Jean Schwartz Cochrane (formerly Jean Schwartz), Walter M. Serabian and various charities seeking construction of the testamentary trust provisions of Mrs. O'Brien's will. Cross-motions for summary judgment, seeking different constructions of the will, were filed by the various defendants.

On August 20, 1982, the court entered an order denying Jean Cochrane's motion and granted Walter Serabian's motion for summary judgment. The trial court found that there is an ambiguity in the will of Ernestine C. O'Brien and that Walter Serabian is entitled to be paid during his life the entire net income of the trust estate including income accrued since his mother's death. Upon his death, Jean Cochrane shall receive the net income of the trust. Upon her death, or Walter Serabian's death if she predeceases him, the trust shall be distributed according to its terms to three designated charities.

On appeal, Jean Schwartz Cochrane (appellant) contends that the trial court's construction of the testamentary trust provisions is erroneous in that the entire net trust income accumulated after Virginia Serabian's death should be paid to appellant during her lifetime. None of the charities appeal from the order of August 20, 1982. Chicago Title and Trust Company joins Walter Serabian (appellee) in urging this court to affirm the order.

We affirm.

Ernestine O'Brien died on January 26, 1935, survived by her two daughters, Virginia Serabian (formerly Virginia Pauline McShane) and Marjorie Ruth Lumley (formerly Marjorie Ruth Petersen). The daughters received the income from a trust established under the testator's will. In 1973, Marjorie died childless and the trustee paid the entire income to the other daughter. These payments are not disputed. Six years later, Virginia died. She was survived by her son, Walter.

Thereafter, Chicago Title and Trust Company filed an action seeking construction of the following distributive provisions of Mrs. O'Brien's will:

> "*SECTION 9*: I give, devise and bequeath unto my friend, HARRY O'CONNELL, as Trustee, and to his successors in trust, all the remaining estate and property of all kinds, real, personal and mixed, and of every kind and nature wherever situated, belonging to me at the time of my death, or over which I may have power of disposition, in trust, for and upon the fol-

lowing trusts, purposes and conditions, to-wit:

(a) The entire net income from the Trust Estate commencing at the time of my death shall be paid to my daughters, VIRGINIA PAULINE McSHANE and MARJORIE RUTH PETERSEN, share and share alike in convenient installments during their life-time.

(b) Upon the death of either of my said children, the share of my estate being held under the provision aforesaid for such child so dying shall be distributed to such child's issue, if any, and if there be no issue, then the entire net income from this estate shall be paid to my surviving daughter.

(c) Upon the death of the survivor, the entire net income from this Trust Estate shall be paid to my nieces hereinabove named, MURIEL SCHWARTZ and JEAN SCHWARTZ, share and share alike.

(d) Upon the death of either of my said nieces named in the preceding paragraph, the entire income from this estate shall be paid to the survivor.

(e) Upon the death of the surviving niece, the entire principal of this trust estate shall be paid and distributed to the following named charitable institutions, share and share alike:

St. Joseph's Home for the Friendless,
Chicago, Illinois
Crippled Children's Home of Chicago,
Chicago, Illinois
Children's Memorial Hospital,
Chicago, Illinois.

In case any of the said institutions hereinabove named should not be in existence at the time this bequest is to take effect, then the Trustee shall pay the bequest, due to that institution or institutions not existing, to such other Catholic charitable orphanage selected by the said Trustee."

Following a hearing on the cross-motions for summary judgment filed by defendants, the court entered an order directing Chicago Title and Trust Company, as trustee, to pay the entire net income from the trust estate created under section 9 of the will, including undistributed income which accrued since the death of Virginia Serabian, to Walter Serabian during his lifetime. Upon the death of Walter Serabian, the trustee was directed to pay the trust income to appellant during her lifetime. It was further ordered that upon the death of appellant (or upon the death of Walter Serabian if appellant predeceases him) the entire principal of the trust estate shall be distributed to the

charities named in the will.

Appellant contends that there is no ambiguity in the will as to who should receive the trust income after the death of the survivor of the testator's daughters. She argues that subsection 9(c) specifically directs the trustee to pay the entire net income to Muriel Schwartz and Jean Schwartz Cochrane during their lifetimes, all to the survivor. Muriel predeceased Virginia Serabian, therefore, appellant contends the entire net income should be paid to appellant.

Appellant also argues that assuming there is an ambiguity in the will the circuit court's order violates the rule of construction that unattested words shall not be added to a will when another reasonable construction is possible without such words. (*Peck v. Drennan* (1951), 411 Ill. 31, 103 N.E.2d 63.) Appellant argues that the court added the words "if there be no issue" to section 9(c) of the will so that section would read "upon the death of the survivor, if there be no issue, the entire net income ***" shall be paid to the nieces. Appellant contends that these additions alter rather than effectuate the testator's plan. Additionally, appellant contends that such a construction negates the effect of the phrase "upon the death of the survivor" in violation of the rule of construction that a will should be construed to give effect to all its provisions. *Dillman v. Dillman* (1951), 409 Ill. 494, 100 N.E.2d 567.

Appellee argues that when the will is considered in its entirety the circuit court's construction of section 9(c) is proper. Sections 2 through 7 of the will provide specific bequests for the testator's brothers, her nieces including appellant, her cousin and a friend. Appellee asserts that the court's construction recognizes that the testator intended to benefit the normal bounty of a family-oriented person whereas the construction proposed by appellant would disinherit the testator's only grandchild in favor of a niece who is benefited elsewhere in the will. Appellee argues that the subsection 9(b), the operative subsection at issue here, provides that upon the death of "either" of the testator's children, the share held for that child shall go to that child's issue and if there is no issue then to the surviving daughter. Appellee contends that the circuit court correctly interpreted the word "either" to mean "each," "both" or "one or the other" rather than accepting the construction sought by appellant which would have defined "either" as "first." Appellee also points out that the construction sought by appellant would mean that the testator intended to benefit merely the children of the first of her daughters to die and not to benefit in any way the children of the second of her daughters to die.

■ A court's primary goal in construing a will is to determine the testator's intent. (*In re Estate of Rettig* (1981), 100 Ill. App. 3d 653, 427 N.E.2d 235.) This determination is made by ascertaining the testator's actual meaning from the words used. Furthermore, if the intention may be gathered from the language of the will, there is no occasion to employ the rules of construction. *Crockett v. Baker* (1969), 106 Ill. App. 2d 44, 245 N.E.2d 257, citing *Wiener v. Severson* (1957), 11 Ill. 2d 347, 143 N.E.2d 225.

■ Where the language is ambiguous or uncertain, the testator's presumed intention may be found by application of the rules of construction. (*Griffin v. Gould* (1982), 104 Ill. App. 3d 397, 432 N.E.2d 1031.) A court must consider the entire document. Every word, phrase and clause in a will should be given effect if possible. (*Feder v. Luster* (1973), 54 Ill. 2d 6, 294 N.E.2d 293.) A court, in construing a will, does not hesitate to insert, transpose or disregard words in order to arrive at the true intention of the testator. (*Jackman v. Kasper* (1946), 393 Ill. 496, 66 N.E.2d 678.) A court, however, is not at liberty under the guise of construing a will to create a wholly new gift where no provision was made for a contingency which has occurred or where in view of subsequent events it appears that a particular provision would probably have been made if the testator had thought of it. (*In re Estate of Hayden* (1974), 23 Ill. App. 3d 242, 318 N.E.2d 668.) This is so even if the scheme of distribution is illogical or peculiar where it is not contrary to the clear intention of the testator as shown by the language of the will. *Continental Illinois National Bank &Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 433 N.E.2d 1098.

■ Courts have construed the word "either" to mean "each" (*Chidester v. Springfield & Illinois South Eastern Ry. Co.* (1871), 59 Ill. 87, 89) and to mean "both," "each of two," and "the one and the other" (*Chicago & Northern Pacific R.R. Co. v. City of Chicago* (1898), 172 Ill. 66, 68, 49 N.E. 1006, 1007). The trial court was correct in adopting a construction of the word "either" in paragraph 9(b) in accord with this precedent. The testator provided that her daughters would receive the net income of the trust. Upon either of her children's death such child's share shall be distributed to such child's issue, if any. It was not erroneous to determine that the testator intended to give her grandchild, Walter Serabian, a life interest in the trust income.

■ Furthermore, we find that the trial court did not err in adding unattested words to effectuate the testator's intent. Although there is an ambiguity in the will when sections 9(b) and 9(c) are read together, it is clear that the testator wanted her grandchildren to re-

ceive an interest following the death of their parent. (See *Hunt v. Mitchell* (1951), 409 Ill. 321, 99 N.E.2d 347.) Appellant argues, however, that because of the phrase "upon the death of the survivor," any interest created in the grandchildren ends at the death of the second daughter.

We note that there is a legal presumption that the testator did not intend to disinherit direct descendents. (*Pontius v. Conrad* (1925), 317 Ill. 241, 246, 148 N.E. 17, 19.) Further, a construction which most closely conforms to the general laws of descent and distribution will be favored. (*Dollander v. Dhaemers* (1921), 297 Ill. 274, 281-82, 130 N.E. 705, 709.) Also, equal treatment of descendents of equal degree is preferred. *Continental Illinois National Bank & Trust Co. v. Llewellyn* (1966), 67 Ill. App. 2d 171, 214 N.E.2d 471.

We agree with appellant's argument that since it is clear that the testator, who died before any grandchildren were born, intended to benefit her unknown direct descendents, her intent is effectuated by an interpretation which does not make the life estate of her grandchild dependent on the order of death of the testator's daughter in the absence of any language or indication in the will that such restriction was the intention of the testator. (See *Hunt v. Mitchell* (1951), 409 Ill. 321, 99 N.E.2d 347.) The court's construction of clause 9(c) to read that upon the death of the survivor if there is no issue then the income shall go to the testator's nieces is in conformity with the testator's intent as determined from the four corners of the will.

Appellant next contends that if the construction adopted by the trial court is accepted, the trust must fail because it violates the rule against perpetuities. Appellant argues that the word "issue" has been interpreted to be coextensive with the word "descendents." (*Bates v. Gillett* (1890), 132 Ill. 287, 24 N.E. 611.) When the will is so read it violates the rule against perpetuities (see *Wechter v. Chicago Title & Trust Co.* (1943), 385 Ill. 111, 126, 52 N.E.2d 157, 164), because the future contingent interests will not vest if at all within the life or lives in being at the testator's death plus 21 years. Appellant argues that the trial court sought to avoid a perpetuities problem by interpreting "issue" to mean only children and erred in so finding.

Appellee has presented Illinois authority supporting the trial court's decision. Generally, the word issue means lineal descendents indefinitely. It has been held, however, that whether "issue" means descendents or merely children will depend upon the intention of the testator as indicated by the context in which it occurs or by the language of the entire will. (*Arnold v. Alden* (1898), 173 Ill. 229, 238-39, 50 N.E. 704; *Continental Illinois National Bank & Trust Co. v. Lle-*

*wellyn* (1966), 67 Ill. App. 2d 171, 214 N.E.2d 471.) "[W]hen the word 'issue' is used in reference to the parent of that issue, as where the issue are to take the share of the deceased parent, it must mean his children, that is, the word 'parent' confines the word 'issue' to children of the taker." (*Arnold v. Alden* (1898), 173 Ill. 229, 239, 50 N.E. 704, 708; *Trustees of Schools v. Steele* (1965), 54 Ill. App. 2d 337, 203 N.E.2d 605, *rev'd on other grounds* (1965), 33 Ill. 2d 575, 216 N.E.2d 786.) In the present case the testator provided that the issue will take the share of their parent when the parent dies. The trial court did not err in determining that within the context of this will the testator intended the word "issue" to refer only to her grandchildren. Therefore, the will does not violate the rule against perpetuities as argued by appellant.

Accordingly, for the reasons stated above, the judgment of the circuit court is affirmed.

BUCKLEY, P.J., concurs.

JUSTICE McGLOON, dissenting:
I respectfully dissent from that part of my colleagues' opinion regarding the interpretation and construction of the will.

The primary goal of construing a will is determining the intent of the testator. (*In re Estate of Rettig* (1981), 100 Ill. App. 3d 653, 427 N.E.2d 235.) Intent is generally ascertained from the language of the will (*Rettig*) and every word, phrase and clause should be given effect. *Continental Illinois National Bank & Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 433 N.E.2d 1098.

Only if section 9(b) were considered alone would it be appropriate to allow the children's issue (here, Walter) to receive the trust income. However, section 9(c) expressly provides that at the death of the surviving daughter, the entire net income from the trust is to be paid to the testator's nieces. The trial court's construction of section 9 does not give effect to the intent of the testator as expressed in section 9(c) of the will.

Also, as evidenced by the following remarks, the trial court added words of contingency to section 9(c):

"[Ernestine O'Brien] wanted to give [the net income] to her daughters, share and share alike. If one dies, she didn't know anything about children, the whole net income, she says to us, goes to the other daughter. In the event that daughter dies, *I'm reading in, and has no survivors*, it goes, \* \* \* to the two nieces. \* \* \*

What I'm doing then is saying that a reasonable, you know, addition, by way of construction, 'C' should have read upon the death of the survivor, — now that's talking about the one that survives, that's only talking about the daughters, — if there be no issue, the entire net income, — and now we are moving the net income from the last survivor who is gone, the two daughters are gone and there is no issue, it goes to the two nieces. But I'm aware there is an issue." (Emphasis added.)

In construing this section, the trial court concluded the testator would have provided for the surviving grandchild of the last surviving daughter had she known of his existence. Having made this determination, the trial court proceeded to supply the omitted language.

I would find that the trial court improperly added the condition that the surviving daughter die without issue before the nieces could receive any interest in the trust. A court may neither read words of condition into unconditional provisions (*Rosenthal v. First National Bank* (1968), 40 Ill. 2d 266, 239 N.E.2d 826) nor supply omissions under the guise that a particular provision would probably have been made if the testator had anticipated the occurrence of subsequent events. (*In re Estate of Hayden* (1974), 23 Ill. App. 3d 242, 318 N.E.2d 668.) This is so even if the scheme of distribution is illogical. *Continental Illinois National Bank & Trust Co. v. Bailey* (1982), 104 Ill. App. 3d 1131, 433 N.E.2d 1098.

I find that Walter Serabian's interest under the will was a contingent life estate *per autre vie*. The duration of his interest would have been measured by the life of the surviving daughter Marjorie. The interest was contingent in that it would not vest unless his mother Virginia predeceased Marjorie, which event did not happen here. As noted above, upon the death of the surviving daughter, the net income of the trust is to be paid to the surviving nieces. If the testator intended that her daughters' issue enjoy a life interest in the trust income upon the death of the surviving daughter, appropriate language could have easily been used. The testator did not do so. Admittedly, the conclusions of the trial court and the majority are emotionally appealing. However, the law is that the language of the will is controlling. Here, the will provides that the nieces' interests vested at the death of the last surviving daughter.

For all the foregoing reasons, I would reverse the judgment of the circuit court and remand the case for further proceedings.